SULLIVAN SAVINGS INSTITUTION v. COPELAND ET AL.

| 71 | 67 |
|----|-----|
| 81 | 313 |

| 71 | 67 |
|-----|-----|
| 114 | 213 |

| 71 | 67 |
|-----|-----|
| 123 | 604 |

1. **Usury**: WHO MAY PLEAD: GRANTEE OF MORTGAGOR. The grantee of a mortgagor who assumes the payment of the mortgage cannot plead usury as a defense to the mortgage. (See cases cited in opinion.)

2. **Practice on Appeal**: AMENDED ABSTRACT NOT DENIED. An amendment to appellant's abstract filed by appellee, and not denied, is deemed to be true.

3. **Practice**: PLEA FILED AFTER SUBMISSION WITHOUT LEAVE. An answer which presents new issues, and which is filed after the submission of the cause without leave of the court, is properly stricken from the files.

*Appeal from Fremont Circuit Court.*

SATURDAY, MARCH 5.

ACTION in chancery to foreclose a mortgage. There was a a decree for plaintiff. Defendants appeal.

*A. R. Brewer* and *Geo. E. Draper*, for appellants.

*Stow & Day* and *J. M. Hammond*, for appellee.

BECK, J.——I. The action was originally brought against Copeland, the mortgagor, and Brewer, to whom he had sold and conveyed the land. The defendants united in an answer, setting up as a defense usury in the note and mortgage. When the cause was called for hearing, it was dismissed as to defendant Copeland, the mortgagor. Thereafter the answer in the case was in fact the answer of Brewer alone, as there was no other defendant in the case; and the defense of usury was therefore pleaded by him alone, the mortgagor being out of the case. It is the settled rule recognized by this court that the debtor can alone plead the defense of usury to an action on a contract. The grantee of a mortgagor, who assumes the payment of the mortgage, cannot set up the defense of usury. See *Miller v. Clarke*, 37 Iowa, 325; *National Life Ins. Co. v. Olmsted*, 52 Iowa, 354; *Burlington Mut. Loan Ass'n v. Heider*, 55 Iowa, 424, and cases cited therein. Brewer, therefore, could not avail himself of the defense of usury.

*1. USURY: who may plead: grantee of mortgagor.*

II. Counsel complain of the refusal of the court below to sustain a motion made by defendants for a decree on the pleadings. But the amended abstract, which is not denied, shows that no such motion was made.

*2. PRACTICE on appeal: amended abstract not denied.*

III. Complaint is also made of the ruling of the court in striking out an answer filed by Brewer, setting up that he and Copeland had agreed at the time of the conveyance of the land that Brewer should have the right and authority to set up the defense of usury to proceedings to enforce the mortgage. We need not determine whether this agreement would confer upon Brewer the right to plead the usury in this action, for the reason that the record, as disclosed by the amended abstract, shows that the answer, which presents new issues, was filed after the cause was fully submitted, and without leave of the court. This answer was rightly stricken from the files.

*3. PRACTICE: plea filed after submission without leave.*

These views dispose of all questions in the case. The decree of the circuit court is                                          AFFIRMED.