(May 11, 1899.)

## OCOBOCK v. NIXON.

[57 Pac. 309.]

USURY—JUDGMENT UPON STIPULATION.—Plaintiff brought action upon a usurious contract; judgment was entered upon stipulation of parties in favor of plaintiff, as prayed in complaint, from which defendant appealed; *held*, that the judgment so entered, being in contravention of the usury laws of the state, the same was erroneous. The general rule, that where judgment is entered upon the agreement and consent of parties appeal will not lie, does not apply to a case where such agreement and judgment is in contravention of the positive provisions of a statute.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

James W. Reid, for Appellant.

No brief filed.

James W. Poe and James E. Babb, for Respondent.

Where an order or judgment has been entered by the court below on the agreement of the parties, as was done by the court below in this cause, and not pursuant to the judgment or action of the court, neither party has any remedy by appeal from such action of the court done by consent of the parties, because it is considered the parties have no right to allege error in that to which they have consented, or to seek reversal of the action of the court below, which they have caused by their request and consent, without having made a motion to the court below asking for correction of the error, and giving the court below an opportunity to take action upon the matter, which opportunity it had not previously had, because having relied upon the consent and stipulation of the parties. (*Schmidt v. Oregon Gold Min. Co.,* 28 Or. 9, 52 Am. St. Rep. 759, 40 Pac. 406, 1014; *Erlanger v. Southern Pacific R. Co.,* 109 Cal. 395, 42 Pac. 31; 2 Ency. of Pl. & Pr. 99; *Atkinson v. Manks,* 1 Cow. 691; *Peterson v. Swan,* 119 N. Y. 662, 23 N. E. 1004; *Chapin v. Perrin,* 46 Mich. 130, 8 N. W. 721; *In re Pemberton,* 40 N. J. Eq. 520, 4 Atl. 770.) Assuming for argument that the foregoing contention of respondent against the right of appellants to maintain this appeal is untenable, and that the appeal is to be heard upon the merits, counsel for respondent admit that the face of the records shows that the note secured by mortgage sought to be foreclosed was usurious within the decision of this court in *Vermont etc. Trust Co. v. Hoffman,* 5 Idaho, 376, 49 Pac. 314, and later cases, because the note appears on the face of the record to stipulate for interest on interest in advance of the maturity of the interest. That being the case, the judgment must be reversed, but at the cost of the appellants, as we contend. Where judgment is reversed on a point not made in the court below, cost may be withheld in the appellate court. (*Snell v. Race,* 78 Mich. 334, 44 N. W. 286; *Capwell v. Baxter,* 58 Mich. 571, 25 N. W. 493; *Clark v. Raymond,* 27 Mich. 456; *Hersey v. Milwaukee Co..,* 16 Wis. 185, 82 Am. Dec. 713; *Frowner v. Johnson,* 20 Ala. 477.) Also, unless the point should have been called to the attention of the trial court by the successful appellant, in which case he

must pay costs. (*Roberts v. Hamilton,* 15 Ind. 305; *Jones v. Phelps,* 2 Barb. Ch. (N. Y.) 440; *Steward v. Green,* 11 Paige (N. Y.), 535; *McMullen v. Jewill,* 3 La. Ann. 139; *Wilson v. Lyon,* 51 Ill. 530; *Davidson v. Bond,* 12 Ill. 84.)

HUSTON, C. J.—This action was brought to foreclose a mortgage on real property. No answer was filed by the defendants, or either of them. Judgment and decree of foreclosure were entered under a stipulation of the parties. By the terms of the stipulation it is agreed "that the plaintiff may have judgment and decree as prayed for in his complaint, and that no execution or order of sale shall issue thereon until the expiration of five months from the rendition of said decree." Decree and judgment were rendered in accordance with such stipulation on April 7, 1898. The notes and mortgage sued on are set forth in the complaint by copy, from which it appears that the same come within the inhibition of the usury statutes of Idaho and the ruling of this court in the cases of *Vermont etc. Trust Co. v. Hoffman,* 5 Idaho, 376, 49 Pac. 314, and *Vermont etc. Trust Co. v. McGregor,* 5 Idaho, 510, 51 Pac. 104. But it is urged that, as this question was not raised in the lower court, it cannot be made a subject of review in the appellate court; that the error, if any was committed, was by the consent of both parties, with a full knowledge of all the facts, and in fact was not the error of the court, but of the parties, and is not, therefore, subject to appeal. This position of respondent seems to be supported by abundant authority, and is, we think, the general rule. But the case at bar presents some peculiar features, which would seem to except it from the operation of the general rule. Section 1266 of the Revised Statutes provides: "If it is ascertained in any suit brought on any contract, that a rate of interest has been contracted for greater than is authorized by this chapter, either directly or indirectly, in money or in property, such contract works a forfeiture of ten cents on the hundred by the year, and at that rate, upon the amount of such contract, to the school fund of the county in which the suit is brought, and the plaintiff must have judgment for the principal sum, less all payments of principal or

interest theretofore made and without interest or costs. The court must render judgment in said action for ten per cent per annum upon the entire principal of said contract, against the defendant in favor of the territory (state), for the use of the school fund of the county, whether the unlawful interest is contested or not; and in no case where unlawful interest is contracted for, must the plaintiff have judgment for more than the principal sum less the payments already made, whether the unlawful interest be incorporated with the principal sum or not." Can the provisions of this statute, and the duty of the court thereunder, be abrogated by stipulation of the parties? We think not. Statutes against usury are penal in their character, and where, as in this state, it is provided that the penalty, or a part thereof, shall go to the state or to the school fund of the county, and imposes upon the court the duty of rendering judgment for such penalty, such duty cannot be evaded, to the injury of the state or the school fund, by stipulation of parties. The plaintiff seeks a judgment upon a usurious contract. The statute makes it the duty of the court, whenever the nature of the contract sued upon is ascertained to be usurious under the statute, to render judgment for the penalty. The law leaves the court no discretion in this matter. It directs the judgment it shall enter, and any other or different judgment is erroneous. The judgment of the district court is reversed, and the cause remanded, with direction to enter judgment in accordance with the provisions of section 1266 of the Revised Statutes of Idaho. No costs allowed appellants.

Quarles and Sullivan, JJ., concur.