(November 28, 1899.)

## PORTNEUF LODGE No. 20, I. O. O. F. v. WESTERN LOAN AND SAVINGS COMPANY.

[59 Pac. 362.]

USURIOUS CONTRACTS.—Under the laws of this state an action may be maintained on a usurious contract for the recovery of the principal sum loaned. Such a contract is not void.

SAME—SECTION 1266 OF THE REVISED STATUTES.—KIND OF JUDGMENT TO BE ENTERED UNDER.—The provisions of section 1266 of the Revised Statutes direct the kind of a judgment to be entered in actions on a usurious contract, but does not prescribe any particular action for such contracts.

CORPORATION—ENCUMBERING REAL ESTATE.—Under the provisions of section 2764 of the Revised Statutes a benevolent corporation cannot legally encumber or sell its real property without first obtaining an order for that purpose of the district court of the county in which such real property is situated.

CONTRACTS ULTRA VIRES.—The execution of those usurious or forbidden contracts was not germane or incidental to any powers conferred on said plaintiff corporation by its charter or the laws of this state, but was absolutely prohibited.

CLOUD ON TITLE—CANCELLATION OF MORTGAGE.—Under the facts of this case equity will remove the cloud cast upon the mortgagor's title, it being shown that the mortgagor has paid to the mortgagee the principal sum borrowed and that such contracts were *ultra vires.*

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

**James W. Eden, for Appellants.**

We are aware that such a suit has been before this court in the case of *Stevens v. Home Sav. etc. Assn.,* 5 Idaho, 739, 51 Pac. 779. But there was no demurrer to the complaint in that case, and of course it is not decisive of the points raised by this appeal. It is not our object to question the soundness of the views expressed by this honorable court in the many cases it has decided on the subject of usurious interest contracts, but conceding that this court is right on the subject, we believe that the respondent is not in a position to ask the aid of the law in this case. Contracts for a greater rate of interest than is allowed by law are prohibited because they are considered vicious, and it is not necessary that a penalty be imposed in order to render them illegal. (See *Harvey v. Merrill,* 150 Mass. 1, 15 Am. St. Rep. 159, 22 N. E. 49, 5 L. R. A. 205.) A suit could not be maintained on the original contract except by virtue of section 1266, because it would be in violation of law, all rights and remedies given to violators of sections 1264 and 1265, are named in section 1266, and by that statute each party must be governed. If they have made the bed hard they must lie upon it; it is only the result of their own voluntary action.

**Thomas F. Terrell, for Respondent.**

Appellants rely upon two assignments of error: 1. The court erred in overruling the demurrer to the complaint; and 2. In sustaining the demurrers to the cross-complaint. It appears, however, from the discussion which follows, that only one error is relied upon, to wit: "We contend that the complaint does not state facts sufficient to constitute a cause of action. No particular defects in the complaint are pointed out more than to say that such an action cannot be maintained; and, no reason or authority is offered to uphold the cross-complaint, no reference being made to it in the argument. It is the recognized rule that if a single cause of action is sufficiently stated in the complaint, this objection (general demurrer) will not lie, or rather this ground of demurrer cannot obtain. (*Carter v. Wann,* ante, p. 556, 57 Pac. 314.) That such an action can be maintained and has been upheld by decisions of this

court, we call attention to the following cases: *Stevens v. Association,* 5 Idaho, 739, 51 Pac. 779; *Barnes v. Pitts Agrl. Works,* ante, p. 259, 55 Pac. 237; *Gamble v. Canadian etc. Mtg. Co.,* ante, p. 202, 55 Pac. 241. And to the following cases under statutes identical to our own: *Walker v. English* 109 Ala. 369, 17 South. 715; *Perkins v. Matteson,* 40 Kan. 165, 19 Pac. 633; *Hall v. Hurd,* 40 Kan. 740, 21 Pac. 585; *Thomas v. Reynolds,* 29 Kan. 304; *Boyes v. Summers,* 46 Neb. 308, 64 N. W. 1066. As to the sufficiency of each of the causes of action set forth in the respondent's complaint, we invite the attention of the court to the case of *Sweet v. Ward,* 43 Kan. 695, 23 Pac. 941, 942. It is conceded that the loan of $4,000 evidenced by the note and interest coupons "providing for interest upon interest which was not due at the time they were made," as set forth in the plaintiff's first cause of action, has been passed upon by this court in the case of *Vermont Loan etc. Co. v. Hoffman,* 5 Idaho, 376, 49 Pac. 314-318. Such interest coupons are therefore null and void; they are not a legal obligation upon respondent; they cannot be enforced by the courts, and if paid must be credited upon any amount unpaid upon the principal. (*People's Bldg. etc. Assn. v. Bessonette* (Tex. Civ. App.), 48 S. W. 52.) This court has held that such stock payments are in fact payments upon the principal. (*Fidelity Sav. Assn. v. Shea,* ante, p. 405, 55 Pac. 1022; *Stevens v. Association,* 5 Idaho, 739, 51 Pac. 779.) The facts stated clearly bring the case within the rule laid down in the following cases: *Stevens v. Association,* 5 Idaho, 739, 51 Pac. 779; *Fidelity Assn. v. Shea,* ante, p. 405, 55 Pac. 1022; *Mills v. Association,* 75 N. C. 292; *Association v. Graham,* 7 Neb. 172. The record calls for a construction of section 2764 of the Revised Statutes. (*Wilder v. Campbell,* 4 Idaho, 695, 43 Pac. 677; *People v. Moore,* 1 Idaho, 662; *Barnitz v. Beverly,* 163 U. S. 118, 16 Sup. Ct. Rep. 1042.) Respondent is a social and benevolent corporation organized and existing under chapter 8, sections 2760-2766 of the Revised Statutes. All power vested in such corporation must be derived from these sections of the statute, for this is its charter. (Reese on Ultra Vires, secs. 9-12; *Chewacla Lime Works v. Dis-*

*mukes,* 87 Ala. 344, 6 South. 122; *Sherwood v. Alvis,* 83 Ala. 115, 3 Am. St. Rep. 695, 3 South. 307.) The question is, Did the trial court err in refusing to enter a decree canceling the mortgages? We respectfully think it did upon either or both propositions involved in the case, to wit: 1. That each of the mortgages had been fully paid when construed by the decisions of this court; and 2. That neither of the mortgages were executed as required by section 2764 of the Revised Statutes of Idaho. If such mortgages were paid, or were executed in violation of law, in either event they and each of them cast a cloud upon respondent's title, which should be removed by a cancellation of the mortgages, after proper demand in writing. (*Hall v. Hurd,* 40 Kan. 740, 21 Pac. 585, 586; *Crenshaw v. Hedrick,* 19 Tex. Civ. App. 52, 47 S. W. 71; *Stevens v. Building Assn.,* 5 Idaho, 739, 51 Pac. 779; *Sweet v. Ward,* 43 Kan. 695, 23 Pac. 941; *Barnes v. Agricultural Works,* ante, p. 259, 55 Pac. 237; *Steiner v. Ellis* (Ala.), 7 South. 803.) This is true whether the mortgages have been paid or are void for want of legal execution. (*New York Nat. Bldg. etc. Assn. v. Cannon,* 99 Tenn. 344, 41 S. W. 1054-1056; *Hill Estate Co. v. Whittlesey,* 21 Wash. 142, 57 Pac. 345; *Bangs v. Windmill Co.,* 96 Tenn. 361, 34 S. W. 516; *Pershing v. Wolfe,* 6 Colo. App. 410, 40 Pac. 856-859; *Sporer v. Eifler,* 1 Heisk. 636; Story's Equity Jurisprudence, sec. 301.) A warranty deed may be canceled as a cloud on title, though the deed conveys nothing because the description of the land intended to be conveyed is defective. (*Jackson v. Tatebo,* 3 Wash. 456, 28 Pac. 916; *Kittle v. Bellegarde,* 86 Cal. 556, 25 Pac. 55.)

SULLIVAN, J.—This suit was brought by the respondent, the Portneuf Lodge, No. 20, Independent Order of Odd Fellows, a corporation, under the provisions of section 3364 of the Revised Statutes to compel the cancellation or satisfaction of the two mortgages hereinafter referred to, the surrender of the promissory notes secured by said mortgages, and for judgment for $200, the statutory penalty for failing to enter satisfaction of said mortgages of record. The transcript shows that the appellant, Western Loan and Savings Company, and the respon-

dent corporation, on the thirty-first day of May, 1893, entered into a contract, by the terms of which appellant loaned the respondent $4,000, to draw interest at the rate of nine per cent per annum, evidenced by a promissory note, with sixty-nine coupon interest notes attached for thirty dollars each, which coupon note called for interest after maturity at the rate of twelve per cent per annum, and the respondent was to pay appellant $2,000. premium for the $4,000 loan. One mortgage was executed to secure the $4,000 loan, and one to secure the $2,000 premium. Respondent made numerous payments upon this indebtedness, aggregating the sum of $4,026, and thereupon demanded the discharge of said mortgage, which demand was refused. The appellant filed a demurrer to the complaint, which was overruled. The appellant then answered, and filed a cross-complaint, to which plaintiff demurred. The decision of the court on the last-mentioned demurrer was withheld, and the cross-complaint considered denied, with the privilege to answer to conform to the proof, and the court proceeded to try the case. Certain witnesses were sworn and testified on behalf of the plaintiff, and no evidence was offered by the defendant; and, after argument by the respective counsel, the cause was submitted to the court. The trial took place on the twelfth day of December, 1898, and on the sixteenth day of that month the plaintiff moved to strike out paragraphs 1 and 2 of the prayer of the complaint, which motion was granted. Counsel for respondent claims that said motion was made on the suggestion of the court. The court then sustained the demurrer to the cross-complaint, and denied the demurrer to the answer, and gave judgment in favor of the plaintiff for the sum of $102, damages and costs of suit. Both parties appeal from the judgment. The defendant assigns as error the overruling of its demurrer to the complaint and the order sustaining plaintiff's demurrer to the cross-complaint.

The demurrer to the cross-complaint was properly sustained and apparently the appellant (defendant) concedes that to be so, as that point is not presented by its brief nor by the oral argument of its counsel.

Counsel for appellant (defendant) contends that, as the mortgages referred to in the complaint are prohibited by sections

1264 and 1265 of the Revised Statutes, a court will not grant plaintiff any relief; that the complaint on its face shows that the mortgages referred to were given to secure usurious contracts, and prohibited; and that the plaintiff cannot obtain any relief —cannot maintain an action on said contracts. Bishop on Contracts, section 216, is cited. Said section holds since an express promise, founded on a consideration immoral, illegal, or contrary to public policy is void, the law will not create a contract between its violators. The rule there stated has no application to this case, for the reason that a suit in this state may be maintained upon a usurious contract, and the principal sum loaned recovered. The statute does not make such a contract absolutely void.

It is also contended that the only action authorized in this case is that authorized by section 1266 of the Revised Statutes. That section does not especially authorize any action. It simply directs what judgment must be entered when an action is brought on a contract in which a rate of interest is contracted far greater than authorized by law. This action is not brought on the contract, nor to enforce the payment of the demand secured by said mortgages. It is apparently brought under the provisions of section 3364, to enforce the satisfaction or cancellation of said mortgages, and to recover the penalty mentioned in said section.

Counsel for the respondent (plaintiff) contends that the respondent is a benevolent corporation, and, under the provisions of section 2764 of the Revised Statutes is prohibited from mortgaging its real estate, except upon an order first had and obtained from the district court, and that, as no such order was obtained authorizing said society to execute said mortgages, their execution was *ultra vires.* In reply, the counsel for appellant contend that a corporation cannot receive the benefits of a contract, and then deny its power to make the same; and cite 5 Thompson on Corporations, secs. 6016, 6159, 6160; *Miller v. Insurance Co.*, 92 Tenn. 167, 21 S. W. 39, 20 L. R. A. 765. In section 6016 of Thompson on Corporations, it is stated that the great mass of judicial authority seems to be to the effect that when a private corporation has entered into a contract in

excess of its granted powers, and has received the fruits or bene-
fits of the contract, and an action is brought against it to en-
force the obligation, it is estopped from setting up the defense
that it had no power to make it.   That, as a general rule, is
correct, and well supported by a mass of judicial decisions.   In
illustration of that rule, the author says, in section 6018: "The
simplest illustration of this doctrine will be found in cases
where the corporation has acquired money or property by means
of a contract in excess of its powers, . . . . pleads that it had
no power to enter into the contract, and at the same time keeps
the money or the property."   In the case at bar, the plaintiff
has repaid $4,026 for the $4,000 borrowed, and has thus returned
the money borrowed, and now seeks to clear its property of the
cloud said mortgages cast upon it, and damages for the refusal
of the defendant corporation to discharge the same.   The same
author, at section 6159, *supra,* considers the question of how
far the principle of estoppel works against corporations in re-
spect to *ultra vires* mortgages.   It is there said that corporations
will not be permitted to exercise powers that might be hurtful
to the public interests beyond those expressly conferred by their
charters, but when a corporation has exercised powers germane
and incidental to those conferred, and in furtherance of the gen-
eral objects of the corporation, although the subject of the con-
tract may not be within any definite power given, it will be es-
topped from denying it had no authority to make such contract.
There it is held that corporations will not be permitted to exer-
cise powers that might be hurtful to public interests.   Neither
will they be permitted to make contracts in direct violation of
the laws of the state.   In the case at bar, the plaintiff, which
is a benevolent corporation, is prohibited from mortgaging its
real property without an order from the district court.   (See
Rev. Stats., sec. 2764.)   No order was obtained in the case
under consideration, and it is a case in which no order could
have been obtained authorizing the plaintiff to make a usurious
contract.   The district court would not have granted an order
to the plaintiff permitting it to execute a contract forbidden by
the positive statute of this state, had it applied for such an or-
der.   So the execution of said usurious and forbidden contracts

was not a power germane and incidental to those conferred by the charter of said corporation, and was not within any definite power given to it, but was absolutely prohibited. The notes to *Miller v. Insurance Co., supra,* are exhaustive and instructive. That was an action to recover on an insurance policy, and the court holds that a contract of a corporation in excess of its powers cannot be enforced because the corporation has received a benefit under it which *ex aequo et bono* it ought not to retain, but that the remedy was by a suit in disaffirmance and for an accounting. Some very respectable authority holds, when the charter or law prescribes the mode of contracting, it must be strictly pursued, and that all persons are bound to take notice of the limits of corporate power. (Reese on Ultra Vires, secs. 52, 53.)

Counsel for appellant contends that said mortgage contracts are prohibited, and considered, under the laws of this state, vicious, and that, as plaintiff was a party to them, it cannot maintain this or any action on said contracts. This is an action to quiet plaintiff's title to the real property covered by said mortgages and to recover damages. It is said in section 302 of 1 Story's Equity Jurisprudence, that the borrower may maintain a bill to compel the giving up of securities left as collateral security for a usurious debt. *New York etc. Assn. v. Cannon,* 99 Tenn. 344, 41 S. W. 1054, is very similar in some respects to the case at bar. In that case the court held, where a mortgage executed to a foreign building and loan association was illegal and unenforceable, because the association had not complied with the statute prescribing terms upon which such corporations might do business in that state, equity would not remove it as a cloud upon the mortgagor's title, except upon his paying to the association what was justly due, and the amount justly due was the amount actually received by the mortgagor, without interest. We think the prayer of the complaint sufficient to grant a cancellation of said mortgages.

We are of the opinion that, under the facts of this case, plaintiff is not entitled to the penalty demanded, nor to the damages awarded it by the judgment, but is entitled to a decree canceling the mortgages described in the complaint. For the

foregoing reasons, the judgment is reversed, and the cause remanded to the district court for further proceedings consistent with the views herein expressed; each party to pay its own costs upon appeal.

Huston, C. J., and Quarles, J., concur.