(February 5, 1901.) ·

## CLEVELAND v. WESTERN LOAN AND SAVINGS COMPANY.

[63 Pac. 885.]

MORTGAGE—SATISFACTION—ACTION BY MORTGAGOR TO HAVE MORTGAGE ADJUDGED SATISFIED—USURY.—A mortgage given to secure the payment of an usurious contract is satisfied by the payment of the principal debt, whereupon the mortgagor is entitled to satisfaction of such mortgage of record, and upon failure of the mortgagee to so satisfy said mortgage of record, an action for such relief will lie under the provisions of section 3364 of the Revised Statutes of Idaho. A penalty provided by a statute, which also provides how and when the penalty shall be enforced, is enforceable only in the manner prescribed by the statute.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

J. W. Eden and D. W. Standrod, for Appellants.

We contend that the complaint does not state facts sufficient to constitute a cause of action. Because there is no sufficient allegation that it was the intent of the parties to pay and receive usurious interest. (See *New England etc. Co. v. Sanford,.* 16 Neb. 689, 21 N. W. 394; *Anglo-American Land etc. Co. v.. Brohman,* 33 Neb. 409, 50 N. W. 271; *Rose v. Munford,* 36. Neb. 148, 54 N. W. 129.) The law will not create a promise or make a contract in favor of a violator thereof. (See Bishop on Contracts, sec. 216, p. 80; *Nester v. Continental Brewing Co.,* 161 Pa. St. 473, 41 Am. St. Rep. 894, 29 Atl. 102, 24 L.. R. A. 251; *Greer v. Payne,* 4 Kan. App. 153, 46 Pac. 193, 194;. *Sheldon v. Prussner,* 52 Kan. 579, 35 Pac. 201.) Courts of equity in cases of usury, where there is no statute on the subject, have established this rule: "They will give no relief to the borrower if the contract is executory except upon the condition that he pay to the lender the money lent, with legal interest. Nor if the contract be executed will they enable him to recover any more than the excess he has paid over the legal interest." (See 7 Am. & Eng. Ency. of Law, 1037; *Tiffany v. Boatman's Sav. Inst.,* 18 Wall. 375; Story's Equity Jurisprudence, Redfield's 10th ed., sec. 300-302; *Turner v. Merchants' Bank,* 126. Ala. 397, 28 South. 469.)

S. C. Winters, for Respondents.

This is not a suit upon a contract, but a suit to quiet title. It is only when a suit is brought upon a contract, that a judgment can be entered against the defendants for the school fund. (Rev. Stats., sec. 1266; *Portneuf Lodge v. Western Loan etc. Co.,* 6 Idaho, 673, 59 Pac. 362.)

QUARLES, C. J.—The plaintiffs (respondents here) executed to the defendant P. W. Madsen, as trustee for the defendant the Western Loan and Savings Company, a corporation, their certain promissory note of date January 29, 1895, promising to pay said trustee, for the use and benefit of said company, the sum of $1,250, the principal of a loan made to plaintiffs by the defendants, to which interest coupon notes numbering from 1 to 80 were attached, falling due in consecutive order

monthly, each of said interest coupon notes by its terms drawing interest from maturity at the rate of twelve per cent per annum, to secure the payment of which notes, with the said attached coupons, the plaintiffs executed to said trustee, for the use and benefit of said *cestui que trust,* a mortgage upon certain real estate situate in the city of Pocatello, county of Bannock, state of Idaho, fully described in the plaintiffs' complaint and in said mortgage, which is attached to the complaint as a part thereof. The plaintiffs made payments to defendants upon said note and coupons aggregating the sum of $1,542.38, after which they refused to make other payments, and demanded that the defendants satisfy the said mortgage of record, which the defendants failing to do, plaintiffs commenced this action for the purpose of having said mortgage adjudged satisfied, and to restrain the defendants from asserting further claims to said mortgage, or the property therein mortgaged. For a second cause of action the complaint alleges that the plaintiffs executed to said trustee, for the use and benefit of the said *cestui que trust,* another note, for $625, to secure which plaintiffs executed another mortgage to said trustee, for the use and benefit of said *cestui que trust,* upon the same real estate; that the only consideration given for said last note and mortgage was a premium bid for the said $1,250 loan. This mortgage is also attached to said complaint as an exhibit thereto and part thereof. To the said complaint the defendants filed a general demurrer upon the ground that the complaint does not state facts sufficient to constitute a cause of action. This demurrer was overruled, and the defendants given time to answer, which they failed to do, whereupon the default of said defendants was duly entered, and judgment was rendered and entered in favor of the plaintiffs and against the defendants pursuant to the prayer of the complaint, from which judgment the defendants appeal.

The transaction was clearly usurious. The so-called premium was simply usurious interest. The coupons were in violation of sections 1265 and 1266 of the Revised Statutes, providing, as they did, for compound interest. The plaintiffs had repaid the principal of the loan and more, and the debt for which said mortgages had been given was fully satisfied in law, the plain-

tiffs being entitled to no judgment upon said notes. Why should the defendants be permitted to hold said mortgages, thus clouding the title of the plaintiffs? The contention of the defendants here, and presumably in the lower court, is that, the plaintiffs having entered into a usurious contract, a court of equity will not, upon their application, relieve them in any manner from the operation or effect thereof. To sustain this contention, we are cited to a number of decisions in other jurisdictions. We do not regard the authorities cited as applicable to the case under consideration; for, as we see it, this is a matter purely of statutory regulation in this jurisdiction. Under our statutes it is not necessary to set up by plea the defense of usury, as is the case in most, if not all, of our sister states. The rights of the parties and the duty of the court are absolutely fixed by sections of our statutes cited *supra.* Under the admitted facts of this case and the provisions of said statutes, the mortgage debt has been fully satisfied, and was when this action was commenced. By the provisions of section 3364, when a mortgage is satisfied it is the duty of the mortgagee to enter satisfaction thereof of record; and, if he fails so to do, an action lies in favor of the mortgagor to obtain the necessary relief. (See *Portneuf Lodge v. Western Loan and Savings Co.,* 6 Idaho, 673, 59 Pac. 362.) This action was authorized, and is conclusive of all the rights of the parties as to the mortgages and property in question. (See *Trust Co. v. Hoffman,* 5 Idaho, 376, 49 Pac. 314; *Stevens v. Association,* 5 Idaho, 741, 51 Pac. 779, 986.)

It is contended by the appellants (defendants) that this action defeats the payment of the penalty which the statute provides shall be adjudged against the borrower, in case of a usurious contract, in favor of the school fund. That is a matter over which we have no control. That penalty can be adjudged only in case of suit upon a usurious contract to enforce it. Penalties are only enforceable in the manner provided by law. The statute (section 1266) prescribes when it is to be adjudged against the debtor, and we are powerless to go beyond the statute. The judgment appealed from is affirmed. Costs of appeal awarded to respondents.

Sullivan and Stockslager, JJ., concur.