(May 31, 1902.)

## ANDERSON v. OREGON MORTGAGE COMPANY.

### [69 Pac. 130.]

ACTIONS ON USURIOUS CONTRACTS.—The provisions of section 1266 of
the Revised Statutes of 1887, include only actions between the
lender or his assignee, as plaintiff, and the borrower, as defendant·

PLEA OF USURY A PERSONAL RIGHT.—No one but a party to a con-
tract can avail himself of the defense of usury.

SAME.—The grantee of a mortgagor, who assumes the payment of
the mortgage cannot set up the defense of usury.

To WHAT ACTIONS PROVISIONS APPLICABLE.—The provisions of said
section 1266 do not do away with usury as a defense, but they
impose a specific duty on the court whenever it ascertains in an
action on a contract that an illegal rate of interest has been
charged, but do not apply to the action of a stranger to compel
the cancellation of the usurious contract.

(Syllabus by the court.)

APPEAL from the District Court, Latah County.

Orland & Smith, for Appellant.

The Idaho statute does not make a contract void because of
containing usury. (*Portneuf Lodge v. Western L. & S. Co.*,
6 Idaho, 673, 59 Pac. 362.) It simply takes away from the
lender all his interest and makes the borrower pay ten per
cent per annum on the entire amount of the original contract
to the school fund, and this irrespective of the rate of interest
contracted for in the usurious contract. Usury is personal, and
in the contracting debtor alone, and when property is pur-
chased subject to, or the purchaser assumes and agrees to pay
the usurious mortgaged debt, as a part of the consideration
for the property purchased, he cannot take advantage of his
grantor's usurious contract. (*Hollingsworth v. Swickard*, 10
Iowa, 385; *Powell v. Hunt*, 11 Iowa, 430; *Carmichael v. Bod-
fish*, 32 Iowa, 418; *Frost v. Shaw*, 10 Iowa, 491; *Drake v.
Lowry*, 14 Iowa, 125; *Perry v. Kearns*, 13 Iowa, 174; *Stern-
burg v. Callanan*, 14 Iowa, 251; *Grither v. Alexander*, 15

Iowa, 470; *Allison v. King,* 25 Iowa, 56.) The statute protects those who are or who may be liable on the usurious contract, and they alone can interpose the illegality as a defense. (*Lyon v. Welsh,* 20 Iowa, 578; *Huntress v. Patten,* 20 Me. 28; *Gray v. Brown,* 22 Ala. 273; *Holladay v. Holladay,* 13 Or. 523, 11 Pac. 260, 12 Pac. 821; *Sujette v. Wilson,* 13 Or. 514, 11 Pac. 269.) That the current of authorities is practically universal, that the right to take advantage of statutes of usury is personal to the borrower and his privies, and that a stranger to the contract can take no advantage of it, admits of no denial. (*Bensley v. Homier,* 42 Wis. 631; *Ready v. Huebner,* 46 Wis. 692, 32 Am. Rep. 749; *Nichols v. Bellows,* 22 Vt. 581, 54 Am. Dec. 98; *Nance v. Gregory,* 6 Lea, 343, 40 Am. Rep. 41; *Dolman v. Cook,* 14 N. J. Eq. 56; *Ohio etc. R. Co. v. Kasson,* 37 N. Y. 218; *Bullard v. Raynor,* 30 N. Y. 197; *Bearse v. Barstow,* 9 Mass. 45, 6 Am. Dec. 25; *Lamoile Co. Nat. Bank v. Bingham,* 50 Vt. 105, 28 Am. Rep. 490, and note; *Cramer v. Lepper,* 26 Ohio St. 59, 20 Am. Rep. 756; *Studebaker v. Marquart,* 55 Ind. 341; *Ransom v. Hays,* 49 Miss. 445; *Mordecai v. Stewart,* 37 Ga. 364; *Union Nat. Bank v. International Bank,* 123 Ill. 510, 14 N. E. 859; *Gardner v. Matteson,* 38 Mich. 200; *Stickney v. Moore,* 108 Ala. 590, 19 South, 76; *Parker v. Bethel Hotel Co.,* 96 Tenn. 252, 34 S. W. 209; *Mechanics' Bank v. Edwards,* 1 Barb. 271; *Farmers' etc. Bank v. Kimmel,* 1 Mich. 84; *Campbell v. Johnson,* 4 Dana, 178; *Wright v. Bundy,* 11 Ind. 398; *Stevens v. Muir,* 8 Ind. 352, 65 Am. Dec. 764, and note; *Reading v. Weston,* 7 Conn. 409; *Fenno v. Sayre,* 3 Ala. 458; *Loomis v. Eaton,* 32 Conn. 550.)

Forney & Moore, for Respondents.

The interest notes made by Randolph and wife were void, and in no case was Randolph liable to appellant for more than $2,000, the principal sum loaned, less all payments made and without interest, and to this extent only was appellant's mortgage security good. (*Vermont Loan etc. Co. v. Hoffman,* 5 Idaho, 376, 95 Am. St. Rep. 186, 49 Pac. 314; *Vermont Loan etc. Co. v. Tetzlaff,* 6 Idaho, 105, 53 Pac. 104; *Fidelity Sav. Assn. v*

*Shea,* 6 Idaho, 405, 55 Pac. 1022.) The principal sum loaned to Randolph having been more than paid, the mortgage given to secure the payment of the same was satisfied. (*Portneuf Lodge etc. v. Western Loan etc. Co.,* 6 Idaho, 673, 59 Pac. 362; *Cleveland v. Western Loan etc. Co.,* 7 Idaho, 477, 63 Pac. 885.) Appellant has waived all rights it had, if any, under its mortgage by not setting them up by counterclaim or cross-complaint. (*Stevens v. Home Sav. etc. Assn.,* 5 Idaho, 741, 51 Pac. 779, 986.) In our state usury is not a defense; the rights of the parties and the duty of the court are absolutely fixed by statute. (*Ocobock v. Nixon,* 6 Idaho, 552, 57 Pac. 309.)

SULLIVAN, J.—This action was brought for the cancellation of a mortgage, to recover judgment for $793.34 for overpayments on said mortgage, and for $100 damages for a failure to satisfy and cancel said mortgage. The plaintiffs to this action, who are respondents here, were not parties to said mortgage, and the mortgagors are not parties to this suit. The following facts appear from the record. On the eleventh day of September, 1889, John S. Randolph (being then the owner of the land described in said mortgage) executed jointly with his wife a mortgage on said land to secure the payment of $2,000, borrowed money, from the appellant herein, the Oregon Mortgage Company, whereby the mortgagors agreed to pay interest upon interest, in case the interest was not paid when by the terms of said mortgage it became due. A number of payments were made of interest coupons attached to the promissory note for $2,000, the payment of which said mortgage was given to secure, but no payments had been made on the principal. On January 16, 1899, the said mortgagors conveyed said mortgaged premises to respondent Ellen T. Anderson, who is the wife of the other respondent. The consideration named in said deed is $3,000, and the deed contains the following provision, to wit: "Subject to one certain mortgage of two thousand dollars ($2,000), executed by John S. Randolph and wife, which the said second party agrees to assume and pay." The consideration that Randolph received for

said land was another tract of land, valued at $1,600, and $300 in money, and the purchasers (the respondents) were to pay the amount due on the $2,000 mortgage and to pay the railroad company $150. The record shows that the respondents had some correspondence with D. K. McDonald, of Spokane, Washington, agent of the mortgage company, after they had purchased said land in regard to the payment of said mortgage; that said agent made them a proposition in reference to the payment thereof on the twentieth day of March, 1899, and on the twenty-third day of that month respondents accepted the proposition offered and remitted to said McDonald, agent, $1,108.34 as a payment on said mortgage indebtedness. About the month of October, 1900, one of the respondents, accompanied by a Mr. Hannah, went to the office of the agent of appellant in the town of Moscow, Latah county, state of Idaho, with a view of paying the balance on said mortgage. The agent informed them of the amount due, and also informed them that the company wanted a bonus of twenty-five dollars for giving the privilege of paying the mortgage off, as there had been an extension of two years given on the payment thereof. Respondent Anderson refused to pay said bonus, claiming that the mortgage was five years past due. In a very short time thereafter, perhaps on the same day, the agent informed Mr. Hannah that he would waive the twenty-five dollars bonus, and accept just what was due on the mortgage, and requested him to inform the respondent, and afterward Mr. Hannah informed the agent that he had told Mr. Anderson, and he (Anderson) replied that he had been to the courthouse and looked up the records, and had gotten the idea that the mortgage was outlawed, and consequently he did not have to pay it. Thereafter this suit was brought for a cancellation of said mortgage, and other relief as above stated, and was tried by the court without a jury, and judgment was entered in favor of respondents for a cancellation of said mortgage and costs of suit.

A number of errors were assigned, the most important of which is the court erred in finding that a purchaser of mortgaged property, who has assumed and agreed to pay the mortgage, can

obtain a cancellation of the mortgage upon the ground that
there was usury existing in the contract between his grantor and
the holder of the mortgage. It appears from the record that
John T. Randolph sold to respondents a mortgaged tract of
land, and they, in part consideration therefor, agreed to pay
the amount due on said mortgage. They paid more than $1,000
on said mortgage debt, and now refuse to pay the balance, and
ask to have the mortgage canceled. Randolph is not seeking
to avoid the payment of said debt because of the usury in his
contract, neither is the mortgagee seeking to foreclose its mort-
gage in this action. The mortgagor is willing the appellant
should recover every dollar due on said claim, both principal
and interest. He has in effect put the money in the hands of
respondents with which to pay said debt, and they agreed to
pay it, and without authority from him they are trying to avoid
the payment thereof by setting up the usurious contract. Ran-
dolph considered it compatible with honor and integrity to pay
said debt, and did pay it to respondents, by letting them re-
tain it out of the consideration to be paid for the land, and now
they seek to retain the money and defeat their express contract
with Randolph. The borrower prefers to abide by his con-
tract; but the respondents do not intend to permit him to do
so, if they can prevent it.

Counsel for respondents contend that this court, in *Trust
Co. v. Hoffman,* 5 Idaho, 376, 95 Am. St. Rep. 186, 49 Pac. 314,
37 L. R. A. 509; *Trust Co. v. Tetzlaff,* 6 Idaho, 105, 53 Pac. 104;
*Association v. Shea,* 6 Idaho, 405, 55 Pac. 1022; *Portneuf Lodge,
No. 20, I. O. O. F. v. Western Loan etc. Co.,* 6 Idaho, 673, 59
Pac. 362; *Ocobock v. Nixon,* 6 Idaho, 552, 57 Pac. 309; *Cleve-
land v. Savings Co.,* 7 Idaho, 477, 63 Pac. 885—have held that
such an iniquitous thing as that may be done under the pro-
visions of section 1266 of the Revised Statutes of 1887. How-
ever, it is admitted by counsel that the precise question here
involved has not been passed upon. Not one of those cases cited
holds or attempts to hold that the provisions of that section
would warrant the judgment entered in this case. Each and
every of those cases were suits between the parties to the usur-

ious contracts, and come within the provisions of said section 1266.   But the suit at bar is brought by those who have the same as received the cash in hand paid by the mortgagor, and they have in writing agreed to pay it over to the mortgagee. This suit is not such a one as comes within the provisions of said section.   No suit, but one brought upon the contract for its enforcement, comes within its provisions; for it declares that, in suits that come within its provisions, the court must enter judgment in favor of the plaintiff for the principal sum, less all payments of principal and interest theretofore made thereon, without interest or costs, and must enter judgment against the defendant in favor of the state for the use of the school fund for ten per cent per annum upon the entire principal of said contract.   Said section is as follows: "If it is ascertained in any suit brought on any contract that a rate of interest has been contracted for greater than is authorized by this chapter, either directly or indirectly, in money or in property, such contract works a forfeiture of ten cents on the hundred by the year, and at that rate, upon the amount of such contract, to the school fund of the county in which the suit is brought, and the plaintiff must have judgment for the principal sum, less all payments of principal or interest theretofore made and without interest or cost.   The court must render judgment in said action for ten per cent per annum upon the entire principal of said contract, against the defendant in favor of the territory for the use of the school fund of the county, whether the unlawful interest is contested or not; and in no case where unlawful interest is contracted for must the plaintiff have judgment for more than the principal sum less the payments already made, whether the unlawful interest be incorporated with the principal sum or not.   But no indorsee in due course of negotiable paper is affected by any usury exacted by any former holder of such paper unless he have actual notice of the usury previous to his purchase; but in such case the judgment above provided in favor of the school fund must be entered against the drawer or maker, if a party to the ac-

tion, and he may recover back the usury paid from the party who received the same."

The language of that section clearly indicates that it includes only actions where the lender, or his assignee, is plaintiff, and the borrower is defendant. In *Cleveland v. Savings Co.*, 7 Idaho, 477, 63 Pac. 885 (involving a usurious contract), suit was brought by the mortgagor against the mortgagee for a cancellation of the mortgage. This court, speaking through Chief Justice Quarles, said: "That penalty [judgment against mortgagor of ten per cent in favor of the school fund] can be adjudged only in case of suit upon a usurious contract to enforce it. Penalties are only enforceable in the manner provided by law. The statute (section 1266), prescribes when it is to be adjudged against the debtor, and we are powerless to go beyond the statute." The purpose and intent of that section is clear and beyond question. It can only apply when suit is brought on the contract to enforce it against a party to the contract. Supposing the appellant had brought suit on said contract to enforce it against the respondents under their written agreement to pay the $2,000 due on said mortgage, would it be contended that the court would be authorized, under the provisions of said section, to enter up judgment against the defendants for ten per cent per annum on said $2,000 from the date of said mortgage, to wit, September 11, 1889, to the date of the entry of judgment in this case, to wit, July 6, 1901, nearly thirteen years, which would make a total of $2,600. That would be the result if such a suit comes within the provisions of said section. It is true that usury does not have to be pleaded, under the provisions of said section, in order to bring an action within its provisions. But the suit must be brought on the contract, and against the party agreeing to pay the usurious interest, and does not change the rule that usury is a personal defense, and cannot be taken advantage of by a stranger.

Iowa, Minnesota, and Oregon have statutes similar to our section 1266. Section 3041 of the Annotated Code of Iowa of 1897 is as follows: "Usury—Penalty. If it shall be ascertained

in any action brought on any contract that a rate of interest has been contracted for, directly or indirectly, in money or in property, greater than is authorized by this chapter, the same shall work a forfeiture of eight cents on the hundred by the year upon the amount of the principal remaining unpaid upon such contract at the time judgment is rendered thereon, and the court shall enter final judgment in favor of the plaintiff and against the defendant for the principal sum so remaining unpaid without costs, and also against the defendant and in favor of the state, for the use of the school fund of the county in which the action is brought, for the amount of the forfeiture; and in no case where unlawful interest is contracted for shall the plaintiff have judgment for more than the principal sum, whether the unlawful interest be incorporated with the principal or not." Section 3589 of Hill's Annotated Laws of Oregon, is as follows: "If it shall be ascertained in any suit brought on any contract that a rate of interest has been contracted for greater than is authorized by this chapter, either directly or indirectly, in money, property, or other valuable thing, or that any gift or donation of money, property, or other valuable thing has been made or promised to be made to a lender or creditor, or to any person for him, directly or indirectly, either by the borrower or debtor, or any person for him, the design of which is to obtain for money so loaned or for debts due, or to become due a rate of interest greater than that specified by the provisions of this chapter, the same shall be deemed usurious, and shall work a forfeiture of the entire debt so contracted to the school fund of the county where such suit is brought. The court in which such suit is prosecuted shall render judgment for the amount of the original sum loaned or the debt contracted, without interest, against the defendant and in favor of the state of Oregon, for the use of the common school fund of said county, and against the plaintiff for costs of suit, whether such suit be contested or not." In *Hollingsworth v. Swickard,* 10 Iowa, 385 (which case was under the Iowa statute above quoted), the court said: "This suit is brought upon a contract to which Spray was not a party.

Spray sold to defendant a tract of land, and defendant, in part consideration therefor, agreed to pay Spray's note to plaintiff. . . . . Spray does not seek to avoid usury in his contract, is willing the plaintiff should have the interest he agreed to give, and placed money in the hands of defendant for the purpose of paying the same; but defendant, without authority of Spray, sets up the usurious contract." And, referring to the provisions of the Iowa statute above quoted, the court said: "It must be upon suit brought upon contract, which of itself brings to the knowledge of the court the usury therein, or upon plea by the borrower, that the court will take cognizance of such usury. It is the borrower alone who is protected by the law from excessive interest, and he must be the party to the suit before the court will protect him." To the same effect is *Powell v. Hunt,* 11 Iowa, 430. In *Green v. Turner,* 38 Iowa, 112, it is said: "In both cases he takes the land charged with the payment of the debt, and is not allowed to set up any defense to its validity, as, for instance, that the mortgage is void wholly or in part on account of usury." The case of *Holladay v. Holladay,* 13 Or. 523, 11 Pac. 260, was decided under the Oregon statute above cited, and it is there said: "It does not permit the defendant, in case usury is established upon a trial, 'to go hence without day,' but compels him to pay the principal debt, though it relieves him from the payment of the interest. But it seems to me that the right to plead usury is still a personal privilege, and that no other party can interpose such plea."

The doctrine is too well established that the right to take advantage of statutes of usury is personal to the borrower and his privies, and that a stranger to the contract cannot take advantage of it, and that only the borrower or persons representing him as privies in blood or estate can plead it. (Tyler on Usury, 403; Webb on Usury sec. 363; *Sullivan Sav. Inst. v. Copeland,* 71 Iowa, 67, 32 N. W. 95.) The case of *Burlington Mut. etc. Assn. v. Heider,* 55 Iowa, 424, 5 N. W. 579, 7 N. W. 686, arose under the statute of Iowa above quoted, and the court held that one who for a full consideration assumes the payment of

a mortgage cannot plead usury as a defense thereto.    The court said: "He is a stranger to the contract, and voluntarily undertook to pay the mortgage, not a part, but a whole, and we think he should do so."    In *Institution v. Copeland, supra,* the court said: "The grantee of a mortgagor who assumes the payment of the mortgage cannot set up the defense of usury." (See, also, *Sands v. Church,* 6 N. Y. 351; *Chamberlain v. Dempsey,* 36 N. Y. 145.)    In *Trusdell v. Dowden* (N. J. Eq.), 20 Atl. 973, the court said: "The doctrine is undoubtedly well settled that the purchaser of the equity of redemption in premises covered by a usurious mortgage, who takes title subject to such mortgage, cannot set up the defense of usury."    In several of the cases last above cited the defendants had assumed to pay the usurious mortgage, and the courts held that they could not set up the defense of usury.    In the case of *Burke Land etc. Co. v. Wells, Fargo & Co.,* 7 Idaho, 42, 60 Pac. 87, we held that, although a mortgage given by the president of a corporation was *ultra vires,* and void if attacked by the corporation or a stockholder thereof, yet one who bought the property of the corporation subject to such mortgage, while retaining the property, was estopped from denying the validity of the mortgage.

The rule is without exception that one who buys property subject to a mortgage, and which mortgage he agrees to pay, is estopped from denying the validity thereof.    So we think, in the case at bar, the respondents have agreed to pay the mortgage that they here seek to have canceled or satisfied without paying it, and equity and good conscience will not permit them to evade the payment thereof by attempting to plead usury in an action on a contract to which they are not a party.    The provisions of section 1266 of the Revised Statutes of Idaho do not do away with usury as a defense, but impose a duty on the court whenever it is ascertained in an action on a contract that an illegal rate of interest has been charged.    That fact may be ascertained either from the contract itself, pleaded *in haec verba* or according to its legal effect, or by being set up in the answer as a defense.    However, the provisions of that

section only apply when the action is brought upon a contract to enforce it against the maker, and not when an action is brought by a stranger to compel a satisfaction of the mortgage.

The law, equity, and good conscience will not permit the respondents to succeed in this action, and the judgment must be reversed, and the cause remanded, with instructions to enter a judgment dismissing the suit. Costs are awarded to appellant.

Stockslager, J., concurs.

QUARLES, C. J.—I am unable to concur with my associates in the conclusion in this case for the following reasons: Under the provisions of section 3364 of the Revised Statutes of 1887, as construed in *Portneuf Lodge, No. 20, I. O. O. F. v. Western Loan etc. Co.,* 6 Idaho, 673, 59 Pac. 362, and *Cleveland v. Savings Co.,* 7 Idaho, 477, 63 Pac. 885, the owner of real estate property upon which a mortgage is given to secure the payment of a usurious contract can, when the principal of such contract debt is paid, maintain a suit for cancellation of said mortgage. But a different conclusion is reached in this case, because the suit for cancellation of the mortgage is brought, not by the original mortgagor, but by one who has purchased the equity of redemption in the mortgaged property, and thus, by purchase, succeeded to all the rights of the original mortgagor in the property. It is true that in both of the cases cited *supra* this court has held that, in an action brought by the borrower to cancel a mortgage given to secure a usurious debt, the plaintiff is entitled to such relief, and that the penalty of ten per cent in favor of the school fund cannot be assessed in such case, on the ground that penalties can only be enforced in the manner provided by law. It was held in the first of the cases cited, the opinion being by Mr. Justice Sullivan, that such action is not under sections 1265, 1266 of the Revised Statutes of 1887, but under section 3364, *supra*. My associates lose sight of this rule in the case at bar. Now, under the provisions of sections 1265, 1266 of the Revised Statutes of 1887, and decisions of this court construing and applying same, viz.:

*Trust Co. v. Hoffman,* 5 Idaho, 376, 95 Am. St. Rep. 186, 49 Pac. 314; *Trust Co. v. Tetzlaff,* 6 Idaho, 105, 53 Pac. 104; *Stevens v. Association,* 5 Idaho, 741, 51 Pac. 779, 986; *Ocobock v. Nixon,* 6 Idaho, 552, 57 Pac. 309; *Association v. Shea,* 6 Idaho, 405, 55 Pac. 1020; *Portneuf Lodge No. 20, I. O. O. F. v. Western Loan etc. Co.,* 6 Idaho, 673, 59 Pac. 362; and *Cleveland v. Savings Co.,* 7 Idaho, 477, 63 Pac. 885—the rule is so well settled that payment of the principal of a usurious mortgage debt satisfies the principal that it is unnecessary to discuss this question. Our code (section 4090) expressly provides that actions must be prosecuted in the name of the real party in interest. In the case at bar, Randolph owned a tract of land, and mortgaged it to secure a contract which provided, in advance, for the payment of compound interest, which, under section 1265 of the Revised Statutes of 1887, is unlawful. Randolph afterward sold the land to the respondent, subject to the mortgage. Respondent made payments which, added to those already made over, paid the principal of the mortgage debt to the extent of more than $700, and demanded satisfaction of the mortgage, which appellants refused to make or to cause to be made. The deed from said Randolph to respondent contains the following stipulation, to wit: "Subject to one certain mortgage of two thousand dollars ($2,000) executed by John S. Randolph and wife, which the party of the second part agrees to assume and pay." Does this covenant in the deed bind the said respondent to pay anything which is not due on the mortgage, and which the said mortgagor was not bound to pay? I think not. Under section 1266 of the Revised Statutes of 1887, courts are prohibited from giving judgment for any unlawful or usurious interest. That which was unlawful and usurious in the contract before respondent purchased the land was unlawful and usurious after he purchased.

It is claimed, however, that respondent withheld a part of the purchase price of the land for the benefit and use of the appellants, and in equity and good conscience is bound to pay the same. The facts are set forth affirmatively in the answer of the appellant, who does not seek to foreclose the mortgage,

nor does it seek to enforce any personal liability against the respondent to it. The subject matter of this suit grows out of the said mortgage, is connected with the said mortgage and the mortgaged premises, and is under the provisions of our code. See sections 4183-4185 of the Revised Statutes of 1887; and see the following decisions of this court, in which it is held that under such circumstances the defendant must set up by way of counterclaim its rights, or forever be precluded from so doing, to wit: *Stevens v. Association,* 5 Idaho, 741, 51 Pac. 779, 986; *Ocobock v. Nixon,* 6 Idaho, 552, 57 Pac. 309; and *Cleveland v. Savings Co.,* 7 Idaho, 477, 63 Pac. 885. There is no reason apparent to my mind why the provisions of the code cited *supra* and the decisions cited *supra* should be set at naught in this case. The respondent is a privy to the mortgage held by appellants. He has a clear right to bring this suit. To avoid multiplicity of suits, and to prevent the time of courts from being taken up in trying numerous actions growing out of the same transaction, or connected therewith, the above rules have been crystallized into law. Those rules seem to be defied by the appellant. Respondent brought this action on the theory that payment of the principal of a usurious debt secured by mortgage satisfies the mortgage, as frequently heretofore held by this court, and with full knowledge that the appellant could, and must, set forth its cause of action on the mortgage, or growing out of the transactions alleged in the complaint, or forever be barred from so doing; yet, the judgment in his favor by the lower court, proper, in my opinion, under the statutes cited and decisions of this court heretofore made, and the cause, is sent back with instructions to the district court to dismiss the action. I am unable to concur in the conclusion reached.