556 P.2d 70 (1976)
97 Idaho 889
PACIFIC NATIONAL BANK OF WASHINGTON, Plaintiff and Respondent,
v.
Jay MOUNT and Eva Mae Mount, his wife, Defendants and Appellants.
No. 11944.
Supreme Court of Idaho.
November 8, 1976.
Frank H. Powell, Coeur d'Alene, for defendants and appellants.
Raymond T. Greene, Jr., Greene & Hunt, Sandpoint, Ramer B. Holtan, Jr., Perkins, Coie, Stone, Olsen & Williams, Seattle, Wash., for plaintiff and respondent.
PER CURIAM.
Defendants-appellants, Jay Mount and wife, appeal from a foreclosure decree entered in favor of the plaintiff and respondent, Pacific National Bank of Washington (Bank). During trial the Mounts and the Bank entered into a stipulation in open court for the entry of a decree of foreclosure. Consideration moving to Mounts was a life estate in their home which is situate on a portion of the property covered by the mortgage. Thereafter, a written stipulation was executed by the Mounts and the Bank, and appended to the Judgment and Decree of Foreclosure. The findings of fact, conclusions of law and judgment were signed by the trial court on being endorsed as presented by Bank's counsel, with another signed endorsement by Mounts' then counsel, which endorsement reads:
"Approved for Entry:
Notice of Presentation Waived."
The judgment appealed from is a consent judgment  its entry and terms formally stipulated to by Mounts and the Bank. The general rule, given previous recognition in this jurisdiction, is that a consent judgment is not subject to appellate review. Idaho Farm Development Co. v. Brackett, 44 Idaho 272, 278, 257 P. 35, 37 (1927); Ocobock v. Nixon, 6 Idaho 552, 554, 57 P. 309, 310 (1899); Gravel v. Alaskan Village, Inc., 409 P.2d 983, 986-87 (Alaska 1966); Cofield v. Sanders, 9 Ariz. App. 240, 451 P.2d 320, 322 (1969); Washington Asphalt Co. v. Harold Kaeser Co., 51 Wash.2d 89, 316 P.2d 126, 127, 69 A.L.R.2d 752 (1957); Fite v. Lee, 11 Wash. App. 21, 521 P.2d 964, 967 (1974); Baird v. Baird, 6 Wash. App. 587, 494 P.2d *71 1387, 1389 (1972); Annot., 69 A.L.R.2d 755 (1960).
An exception to this general rule is made in those cases where it is made to appear there is a lack of actual consent to the judgment, or lack of jurisdiction over the subject matter, or where the judgment was obtained by fraud, collusion or mistake, or where the judgment adversely affects the public interest. Gravel v. Alaskan Village, Inc., supra; Cofield v. Sanders, supra.
In the Ocobock case, this Court, in view of the language of Idaho's then existing usury statute, which was held to bring that case within the purview of the last of the above-stated exceptions to the general rule, agreed with the following proposition:
"But it is urged that, as this question was not raised in the lower court, it cannot be made a subject of review in the appellate court; that the error, if any was committed, was by the consent of both parties, with a full knowledge of all the facts, and in fact was not the error of the court, but of the parties, and is not, therefore, subject to appeal." 6 Idaho at 554, 57 P. at 310.
Where none of the foregoing exceptions are urged or argued, a decree which shows by the record to have been rendered by consent is always affirmed, without considering the merits of the cause. N.L.R.B. v. Ochoa Fertilizer Corp., 368 U.S. 318, 82 S.Ct. 344, 7 L.Ed.2d 312 (1961); Nashville, C & St. L. Ry. Co. v. 28 L.Ed. 971 (1885); United States v. All American Airways, Inc., 180 F.2d 592 (9th Cir.1950).
Judgment affirmed. Costs to respondent.