Richard COUGHLIN, et al.,
Plaintiffs, Appellants,

v.

Donald REGAN, Secretary of the
Treasury, et al., Defendants,
Appellees.

No. 84–2015.

United States Court of Appeals,
First Circuit.

Argued April 5, 1985.

Decided July 25, 1985.

Frederick B. Stocking, Machias, Me., with whom Hugh H. Calkins, Dover-Foxcroft, Me., and Pine Tree Legal Assistance, Inc., Machias, Me., were on brief for appellants.

Diane E. Doyen, Asst. Atty. Gen., with whom Raymond E. Ritchie, Asst. Atty. Gen., Dept. of Health and Human Services, with whom James E. Tierney, Atty. Gen., were on brief for appellee Michael Petit.

Richard Farber, Washington, D.C., with whom Michael L. Paup, Lisa A. Prager, Tax Div., Dept. of Justice, Glenn L. Archer, Jr., Asst. Atty. Gen., Washington, D.C. and Richard S. Cohen, U.S. Atty., Portland, Me., were on brief for the U.S.

Before CAMPBELL, Chief Judge, BOWNES and BREYER, Circuit Judges.

LEVIN H. CAMPBELL, Chief Judge.

Plaintiff Richard Coughlin appeals from a consent judgment entered in the United States District Court for the District of Maine. The judgment dismissed a class action Coughlin had brought for refund of Earned Income Credits (EIC's) intercepted by the federal Secretary of the Treasury, and paid over to the Maine Commissioner of Human Services, in satisfaction of child support debts, as well as claims for declaratory and injunctive relief[1]. Because the

---

1. The judgment also obligated the State of Maine to notify taxpayers in the plaintiff class that their tax refunds would be intercepted, and to notify their spouses that the spouses' refunds would also be intercepted if they filed joint returns unless they filed an amended return

judgement was entered with the consent of the parties, we affirm without reaching the merits [2].

For the taxable year 1981, Coughlin and his wife were entitled to a federal tax refund of $664.94, representing the refund of $176.94 in withheld wages plus an EIC refund of $488. On March 26, 1982, the IRS notified Coughlin and his wife that their refund had, pursuant to I.R.C. § 6402, been paid over to the State of Maine to satisfy an indebtedness to Maine which Coughlin incurred by defaulting on his child support obligations [3]. After filing an amended return listing her tax information separately, Coughlin's wife received a check for her withheld wages and her share of the couple's total EIC.

In January, 1983, Coughlin and his wife instituted the present class action as representatives of persons similarly situated. On April 9, 1984, the district court certified the following two subclasses represented by Coughlin and his wife: (1) all Maine residents otherwise entitled to a federal tax refund, representing in part an EIC refund, that had been intercepted to satisfy a past-due child support debt (hereinafter the "obligated spouse"); and (2) spouses of members of the first class who filed joint tax returns, who should have been entitled to a federal tax refund representing in part an EIC refund had they filed separate returns, and whose EIC refunds were intercepted along with their spouses' (hereinafter the "nonobligated spouse"). Their complaint alleged that interception of the nonobligated spouses' portion of the refund and interception of the obligated spouses' EIC refunds were illegal. As relief, the class sought declaratory and injunctive relief and a refund of the obligated spouses' portion of the EIC for the taxable year 1981.

On April 11, treating defendants' motion to dismiss as one for summary judgment, the court, 584 F.Supp. 697, allowed it as to the claims of the obligated spouse subclass, holding that the EIC refunds fell within the language of I.R.C. § 6402(c) authorizing the interception of "overpayments." The court denied the defendants' motions to dismiss the claim of the nonobligated spouse subclass, holding that the complaint raised a serious question as to whether the lack of notice given to nonobligated spouses prior to the interception of their portion of the refund denied them due process. Guided by the court's decision, the parties arrived at a form of notice acceptable to each. The attorneys then signed a Stipulation filed with the court that provides: "It is hereby stipulated and agreed by the undersigned attorneys for the parties that the Court may enter the attached Judgment and Order." The attached Judgment and Order, dated September 14, 1984, denies the claims of the obligated spouse subclass and provides for the form of notice to be sent to nonobligated spouses in future years.

On November 9, 1984, the federal defendant filed a notice of appeal; that appeal was dismissed by stipulation on 1/14/85. On November 20, 1984, plaintiffs brought the present appeal, originally as a cross-appeal, from all but the last part of the judgment.

■ It is uncontested that a party to a consent judgment is thereby deemed to waive any objections it has to matters with-

---

listing the spouses' tax information separately. Coughlin does not appeal from this aspect of the judgment.

2. We note that the Supreme Court has agreed to hear *Sorenson v. Secretary of the Treasury*, 752 F.2d 1433 (9th Cir.1985), *cert. granted,* — U.S. —, 105 S.Ct. 3475, 87 L.Ed.2d 611 (1985), a case raising the same issue concerning the legality of intercepting EIC refunds as the present one.

3. Section 6402(c), as in effect during the years in question, applies where an individual liable for child support payments fails to make such payments and the person to whom the support is due assigns his or her support rights to a state in order to be eligible to receive AFDC benefits. In these circumstances, section 6402(c) provides that upon notification by a state of past-due support obligations, the Secretary of the Treasury shall reduce the amount of any "overpayment" due to the person making the overpayment by the amount of the support debt, and remit that amount to the state in question.

**470**

in the scope of the judgment. *Nashville, Chattanooga & St. Louis Ry. v. United States,* 113 U.S. 261, 266, 5 S.Ct. 460, 462, 28 L.Ed. 971 (1885), *cited with approval in NLRB v. OCHOA Fertilizer Corp.,* 368 U.S. 318, 323, 82 S.Ct. 344, 348, 7 L.Ed.2d 312 (1961); *Pacific R.R. v. Ketchum,* 101 U.S. (11 Otto) 289, 295, 25 L.Ed. 932 (1879); 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3902, at 408 (1976); 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 203.06 (1985). Relief on appeal from a consent judgment is available only on a showing of either lack of actual consent, fraud in obtaining consent, lack of federal jurisdiction, or mistake. *Swift & Co. v. United States,* 276 U.S. 311, 324, 48 S.Ct. 311, 314, 72 L.Ed. 587 (1928).

■ Coughlin argues that the inclusion of the claims of the obligated spouse subclass that were dismissed on April 11, 1984 in the consent judgment was merely an acknowledgement of a fait accompli, and that we should infer an intention by the parties that he retain a right to appeal from this portion of the judgment. This inference is to be drawn, it seems, from the purported fact that Coughlin had little or nothing to gain from consenting to the dismissal of those claims. We dispute both the premise and the line of reasoning. For all we know, after the district court rejected the claims of the obligated spouse subclass, Coughlin concluded that the notice the defendants agreed to send to members of the nonobligated spouse subclass was all the relief obtainable. The only contemporaneous evidence called to our attention of whether Coughlin actually consented to the judgment is the stipulation to that effect signed by his attorney. While it is possible for a party to consent to a judgment and still preserve his right to appeal, he must reserve that right unequivocally, as it will not be presumed. *See Stewart v. Lincoln-Douglas Hotel Corp.,* 208 F.2d 379, 382 (7th Cir.1953); *Marks v. Leo Feist, Inc.,* 8 F.2d 460, 462 (2d Cir.1925); *cf. Fernandez v. Carrasquillo,* 146 F.2d 204, 208 (1st Cir.1944).

■ If plaintiff felt he had evidence by which to establish that the challenged part of the stipulated judgment had been entered by mistake, he might have sought to be relieved from it by motion addressed to the district court. *See, e.g.,* Fed.R.Civ.P. 60(b). There is no basis in the present record from which we can infer that a mistake was made or a right of appeal retained.

*Affirmed.*