**WYOMING NATIONAL BANK OF GIL-LETTE, f/k/a Norwest Bank of Gillette, N.A., Appellant (Plaintiff),**

v.

**Jamie Sue DAVIS; Marshall G. Davis; Sharon Miller; United States of America as the Internal Revenue Service; and WHC, Inc., Appellees (Defendants).**

No. 88–270.

Supreme Court of Wyoming.

March 6, 1989.

Thomas E. Lubnau, II, Gillette, for appellant.

Paul J. Drew, Gillette, for appellee Jamie Sue Davis.

Don M. Empfield, Gillette, for appellee Sharon Miller.

U.S. Dept. of Justice, Washington, D.C., Gary R. Allen, William S. Rose, Jr., David English Carmack, Thomas R. Lamons, and Richard Allen Stacy, U.S. Atty., Dist. of Wyoming, Cheyenne.

Before THOMAS, URBIGKIT, MACY and GOLDEN, JJ., and ROONEY, J., Retired.

GOLDEN, Justice.

The question presented in this appeal, which involves a priority dispute between competing lien creditors, is whether the trial court may enter a nunc pro tunc order in the succeeding spring term of court which purports to amend its preceding fall term of court judgment against a partnership so as to make the partners as individuals liable for the judgment and, thus, give priority to the judgment lien creditor.

We reverse.

## FACTS

The parties have stipulated to the underlying facts. On July 29, 1983, Sharon Miller filed a civil action for damages for defective home construction in the district court against "Marshall Davis, Norman Bradley, and Eddie Maples, a partnership, d/b/a Triple S. Construction" and others. On May 6, 1984, lots 8C and 8D in a Campbell County subdivision, 8D being the lot at

issue in this action, belonged to Gary Davis and Marshall Davis, a partnership. On May 7, 1984, Marshall Davis and his wife Jamie Sue Davis were divorced. On August 31, 1984, Marshall Davis executed a note and mortgage on lot 8D to appellant Wyoming National Bank of Gillette (Bank); the mortgage was recorded November 1, 1984. The fall 1984 term of the district court opened September 10, 1984. On October 2, 1984, Gary Davis and his wife Mary Kay conveyed lots 8C and 8D to Marshall Davis; that deed was recorded November 1, 1984. On October 22, 1984, Marshall Davis executed a mortgage covering lot 8C to Jamie Sue Davis; the mortgage was recorded the same day.

On January 23, 1985, the IRS filed a tax lien in Campbell County against Marshall Davis and Jamie Sue Davis. Meanwhile, the Miller lawsuit had been proceeding and on January 17, 1985, a judgment for $50,-000, costs, and disbursements was signed in favor of Miller against the three named members of the Triple S. Construction partnership, one of whom was Marshall Davis. That judgment was filed January 30, 1985. The spring 1985 term of the district court opened on February 4, 1985. On March 21, 1985, the district court entered an order nunc pro tunc amending Miller's January 30, 1985, judgment against the Triple S. Construction partnership. The nunc pro tunc judgment allowed Miller to recover jointly and severally from the partners as individuals although they were named in her original complaint only in their partnership capacities. The IRS filed another tax lien on May 29, 1986.

On July 9, 1986, the Bank filed a complaint against appellees Jamie Sue Davis, Marshall Davis, Sharon Miller, the IRS, and WHC, Inc., seeking judgment against Marshall Davis for $54,655.68 plus interest and a declaration of the relative rights of the parties to lot 8D. Jamie Sue Davis, Sharon Miller, and the IRS answered timely requesting a determination of priorities and disbursement according to those priorities upon foreclosure. WHC, Inc., and Marshall Davis failed to answer. The Bank

applied for default against those parties and the clerk of the district court entered default against each of them on February 19, 1987.

On July 10, 1987, counsel advised the district court that Jamie Sue Davis had filed a petition in bankruptcy on March 30, 1987. The district court then ordered the proceedings suspended pending the outcome of the bankruptcy petition on April 5, 1988. The proceedings resumed on May 3, 1988, after the bankruptcy was discharged.

All remaining parties made pretrial submissions of exhibits during June 1988, and on July 11, 1988, those parties attended a hearing before the district court. At the close of that hearing the district court ruled that Miller's judgment lien, as reflected by the nunc pro tunc order of March 21, 1985, would relate back to the fall term of the district court under W.S. 1–17–302 (1977), thus giving Miller's lien first priority against Marshall Davis. The district court assigned the Bank second priority, leaving the IRS third. A corresponding judgment was entered on August 23, 1988, and appeals by the Bank and the IRS followed. The IRS subsequently dropped its appeal before this court, leaving a priority dispute between the Bank and Miller for review.

## ANALYSIS

▉ The dispute on appeal is whether the priority date of Miller's judgment lien against Marshall Davis as an individual, based on the March 21, 1985, nunc pro tunc judgment, relates back to the opening day of the fall 1984 term of the district court. In Wyoming, valid judgment liens obtain priority under W.S. 1–17–302 (1977),[1] which provides:

The lands and tenements within the county in which judgment is entered are bound for satisfaction thereof *from the first day of the term at which judgment is rendered,* but judgments by confession and judgments rendered at the same term in which the action is commenced shall bind the lands only from the day on

1. The quoted language in W.S. 1–17–302 (1977) is identical to W.S. 1–17–302 (June 1988 Repl.).

which the judgments are rendered. All other lands as well as goods and chattels of the [judgment] debtor are bound from the time they are seized in execution. (Emphasis added).

From October 2, 1984, forward, Marshall Davis has owned lot 8D as an individual and that property was never property owned or claimed by the Triple S. Construction partnership. Because of that circumstance, if Miller's March 21, 1985, nunc pro tunc judgment was valid against Marshall Davis *as an individual,* and if it relates back to the first day of the term in which the original January 30, 1984, judgment against the partners was rendered, then Miller's lien has a priority date of September 10, 1984, the first day of the fall 1984 term of the district court.[2] Conversely, if Miller's nunc pro tunc judgment was not valid against Marshall Davis *as an individual,* then Miller has no judgment lien against lot 8D, Davis' personal asset.

We hold that the district court erred in entering its nunc pro tunc order on March 21, 1985, by which it purported to amend Miller's January 17, 1984, judgment against the Triple S. Construction partnership members as partners to also give Miller an additional substantive right of recovery against the partnership members *as individuals.* When Miller filed her original complaint against the Triple S. Construction partnership, W.S. 17–13–307 (1977)[3] gave her a statutory right to proceed against the partnership members both as partners *and* as individuals. See also *L.C. Jones Trucking Co. v. Superior Oil Co.,* 68 Wyo. 384, 234 P.2d 802, 805–06 (1951). That "dual" right, however, must be exercised by the plaintiff in accordance with W.S. 1–16–505 (1977)[4], which specifically provides: "The members of a partnership against which a judgment has been rendered in its firm name may *by action* be made parties to the judgment." (Emphasis added).

Despite possessing the legal right to sue Marshall Davis as a partner *and* as an individual, Miller, the record shows, pursued her original lawsuit against him to final judgment without ever amending her action to include him as an individual defendant. The original complaint did not name Marshall Davis in his individual capacity and neither the record nor the stipulated facts evidence service upon him in that capacity. See also W.R.C.P. 4. Consequently, Miller's January 30, 1984, judgment against Marshall Davis and the other partners gave her a right to impose a judgment lien against partnership assets but not against the personal assets of Marshall Davis.

Miller, or her counsel, must have recognized this error shortly after obtaining the January 30, 1984, judgment because she soon petitioned the district court to amend its judgment against the partnership to allow her the substantive right to proceed against the property of the partners as individuals. The district court acquiesced, apparently believing that, since the individual partners *could* be liable as individuals as well as in their capacities as partners, amending the January 30, 1984, judgment would not affect their substantial rights. This was error.

Amendment of a final judgment, or entry of a judgment nunc pro tunc must be done in accordance with W.R.C.P. 60(a), which allows for retrospective alteration of a final judgment to correct clerical errors or omissions. This court has stated "[t]he nunc pro tunc is limited to cases where it is necessary to make the judgment speak the truth, and cannot be used to change the judgment. *Arnold v. State,* 76 Wyo. 445, 306 P.2d 368, 374 (1957)." *Eddy v. First Wyoming Bank, N.A.–Lander,* 713 P.2d 228, 234 (Wyo.1986). The district court's actions here transgressed this rule of law because Miller's January 30, 1984, judgment did not finally establish her legal

---

2. For a discussion of priorities see generally, E. Rudolph, The Wyoming Law of Real Mortgages, ch. IX at 119–21 (Wyoming Law Institute 1969).

3. The language in W.S. 17–13–307 (1977) is identical to W.S. 17–13–307 (June 1987 Repl.)

4. The language in W.S. 1–16–505 (1977) is identical to W.S. 1–16–505 (June 1988 Repl.).

right to judgment against Marshall Davis and the other Triple S. Construction partners individually. The district court's nunc pro tunc order was an attempt to add that substantive right. It simply could not do so under W.R.C.P. 60(a) and the holding in *Eddy.*

Miller never sued Marshall Davis in his capacity as an individual as required by W.S. 1-16-505; Davis was never served in that capacity and never received notice that Miller would try to recover from his personal assets. Therefore, Davis never had notice and an opportunity to defend on that basis. See *Nutri-West v. Gibson,* 764 P.2d 693, 696-97 (Wyo.1988). The district court's March 21, 1984, nunc pro tunc judgment against Marshall Davis was void and did not grant Miller a substantive judgment against Marshall Davis as an individual. Miller had no right to impose a judgment lien against lot 8D, which was Marshall Davis' personal asset. The Bank has a valid lien on lot 8D and Miller does not.

Judgment for Miller is reversed in accordance with this opinion.