**Robert E. McKEE, and McKee Energy, Inc., a Wyoming Corporation, Appellants (Defendants),**

v.

**Mary F. McKEE, Appellee (Plaintiff).**

No. 93–261.

Supreme Court of Wyoming.

Oct. 12, 1994.

Georg Jensen of Law Offices of Georg Jensen, Cheyenne, for appellants.

Carol Seeger of Maycock Law Office, Gillette, for appellee.

Before GOLDEN, C.J., and THOMAS, TAYLOR, and LEHMAN, JJ., and ROONEY, J. Ret.

LEHMAN, Justice.

Mary McKee (appellee) filed a shareholder's derivative action against her ex-husband Robert McKee (appellant), and McKee Energy, Inc. (Company) contesting the propriety of a loan made by the Company to its sole shareholders, appellant and appellee, to cover expenses incurred during the parties' divorce. Appellant appeals from the district court's summary judgment ruling in favor of appellee, requiring the shareholders to reimburse the Company for the loans.

We affirm.

Appellant raises a single issue:

Did the district court err in allowing the plaintiff to continue to litigate property issues litigated, resolved and settled in the parties' prior divorce action?

Appellee rephrases the issue as:

Did the district court properly enter Summary Judgment in favor of the Plaintiff on her Motion for Summary Judgment in her Shareholder's Derivative Action[?]

## FACTS

Appellant and appellee were divorced on March 12, 1992, pursuant to a settlement agreement incorporated into the divorce decree. The settlement left each party with 50 percent of the stock in the Company. Appellant is the president and a director of the Company; appellee is the secretary/treasurer and a director. Appellant, however, is the one who administers the Company.

The divorce decree required appellant to provide an annual accounting to appellee on April 1 of each year for the previous year's activities. Pursuant to that requirement, appellant provided appellee with a copy of the Company's 1991 income tax return. Listed in the tax return was $18,788, "loans to stockholders." Appellee requested an itemized list of what was included in the loans, which appellant provided. The itemized list disclosed that the loans were for expenses in the following amounts: appellant $13,668; appellee $521; and for the parties' joint benefit, $4,599.

Appellee then filed this shareholder's derivative action seeking the repayment of the loans to the Company. Appellant answered asserting that the issue was litigated and decided by the divorce agreement, therefore barring appellee's action. Appellant also filed a counterclaim seeking damages for breach of contract, malicious prosecution and abuse of process, and outrageous conduct/intentional infliction of emotional distress.

The district court granted appellee's motion for summary judgment, concluding that the payment of the parties' personal expenses by the corporation had not been addressed in the settlement. It ordered appellee to repay the Company $2,820.50, appellant to repay $15,967.50, and dismissed appellant's counterclaims. Appellant now appeals to this court.

## STANDARD OF REVIEW

Summary judgment is proper only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Lincoln v. Wackenhut Corp.*, 867 P.2d 701, 702 (Wyo.1994); *Union Pacific Resources Co. v. Texaco, Inc.*, 882 P.2d 212, 218 (Wyo.1994). We review the record in the light most favorable to the party opposing the motion, giving to that party all favorable inferences which can be

drawn from the record. *J Bar H, Inc. v. Martin*, 872 P.2d 1174, 1176 (Wyo.1994). The district court's determinations on issues of law are not entitled to any special deference. *Powder River Oil Co. v. Powder River Petroleum Corp.*, 830 P.2d 403, 406–07 (Wyo. 1992).

## DISCUSSION

■ There are no material facts in dispute; both parties agree that the loans were made and for the amounts specified. The parties disagree about the effect of the property settlement. Appellant claims that the loans were discussed, litigated and necessarily decided during the negotiations on the settlement. Therefore, he argues, appellee's action is barred by res judicata since the parties are identical, they are acting in the same capacity and the subject matter is the same.[1]

Appellee argues that the settlement did not resolve the issue. She points out that the agreement specifically gives her the right to petition the district court to resolve any disputes that arise concerning the Company. Furthermore, appellee argues that issues, although they occur prior to the settlement, are not foreclosed unless the agreement clearly indicates that the parties intended to settle the issue at that time. Appellee asserts that the agreement at issue here does not do so.

■ The property settlement is a contract between the two parties. *Ulrich v. Ulrich*, 366 P.2d 999, 1002 (Wyo.1961). When an agreement is incorporated into the divorce decree, in the absence of clear and convincing evidence to the contrary, it is presumed to have merged with the decree, losing its effect as a separate contract. *Pauling v. Pauling*, 837 P.2d 1073, 1078 (Wyo.1992). There is no clear and convincing evidence that the parties intended the agreement to survive the divorce decree, therefore the agreement has lost its contractual nature. *Pauling*, 837 P.2d at 1078.

The parties' settlement agreement, as incorporated into the divorce decree, provides:

IT IS FURTHER ORDERED that [appellant] and [appellee] shall keep and maintain the corporation known as McKee Energy, Inc. and each of the parties shall own an equal share of the stock in said corporation.

Each of the parties shall have the right to receive an equal share of all net proceeds produced from the mineral royalties and mineral rights owned by said corporation under the following terms and conditions:

All shareholders shall have rights as provided under Wyoming Law, for corporate shareholders.

1. The parties shall cooperate with each other to convert the shares of stock in this corporation to one class of stock, each party owning an equal share.

2. The parties shall further cooperate with each other in electing that this corporation become a Sub–Chapter S Corporation under the rules of the Internal Revenue Service.

3. [Appellant] shall continue to administer this corporation by maintaining its books and records and remitting to [Appellee] on a monthly basis one-half of the net proceeds from the royalties and mineral rights as owned by the corporation. [Appellant] shall not be paid for his personal services for administration of this corporation. Reasonable and necessary fees and expenses of the corporation shall be paid before distribution of any proceeds to the parties. [Appellant] shall provide [Appellee] with copies of all invoices, statements, bills, royalty checks, and bank statements in the month the same are paid or received. [Appellant] shall have the right at any time

---

1. Appellant's claim is more appropriately one of collateral estoppel, not res judicata. *See Slavens v. Board of County Comm'rs*, 854 P.2d 683 (Wyo. 1993) (defining and explaining differences). Appellee is not challenging the divorce decree or the property settlement; she is bringing an action as a shareholder. Thus the question is whether the *issue* of the loans was resolved during the divorce proceedings.

to resign his duties as administrator of this corporation.

4.  [Appellant] shall provide an annual accounting to [Appellee] reflecting all receipts and disbursements of said corporation, including the sources of all income. Said accounting shall be due on or before April 1 of each year for the previous year's accounting. In the event that the parties shall come into disagreement over the accounting, either party shall have the right to petition this Court to resolve the matter.

5.  On or before April 1, 1992, [Appellant] shall provide [Appellee] with an accounting for the calendar year 1991 showing all receipts and disbursements of McKee Energy, Inc. including the source of all royalties.

Initially, the decree apportions the stock and the net proceeds of the Company evenly between the parties. Then it provides that the parties are to cooperate in establishing a single class of stock and in converting the Company into a Chapter S corporation. The final three sections spell out the duties and obligations that appellant owes to appellee in administering the Company, remitting her portion of the net proceeds and in providing her with access to certain records of the Company.

The language of the decree is clear and unambiguous. The decree sets out the rights, duties and obligations of both parties. It does not resolve any specific dispute. In fact, the decree contains two clauses which evince a contrary intent: (1) that the shareholders have rights as provided under Wyoming law; and (2) that the court retained jurisdiction to resolve any accounting disputes. Then there is section five of the decree, which specifically provides for an accounting for the 1991 tax year, the year in which the loans occurred. That section does not mention the issue of the loans. If all the issues regarding the 1991 tax year had been resolved in the divorce negotiations, it would not have been necessary to require an accounting for that year. The plain language of the decree contemplates this very type of

action rather than, as appellant suggests, barring it.

Since the language of the decree is plain, clear and unambiguous, there is no need to consider extrinsic evidence. Yet even if we did, there is nothing in the record to support appellant's contention that the issue of the loans was actually decided during the divorce negotiations or that it was the parties' intent to resolve the issue. The discussion of an issue is not the same as its resolution.

## CONCLUSION

The issue of the propriety of the loans by the Company to appellant and appellee was not resolved or decided during the divorce proceedings; therefore, appellee could maintain a shareholder's derivative action challenging the loans since it was not a collateral attack on the terms of the divorce decree.

Affirmed.