Ronald E. PINTHER, Appellant
(Respondent),

v.

Craig E. HIETT, Appellee (Petitioner).

No. 93–276.

Supreme Court of Wyoming.

Oct. 12, 1994.

Donald E. Miller, Cheyenne, for appellant.

Peter G. Arnold of Riske & Arnold, P.C., Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

Advancing several theories, appellant challenges the district court's entry of a judgment by consent.

We affirm.

## I. ISSUES

Appellant frames the following issues:

I. Did the district court have the authority, or in the alternative, did the district court abuse its discretion, when it granted a permanent injunction restraining appellant from:

A. Displaying certain described behaviors in the presence of appellant's step-children;

B. Possessing firearms in the presence of appellant's step-children.

II. Did Petitioner lack standing to bring a petition which sought to protect the interest of individuals not parties to the action?

Appellee identifies these issues:

1. May this Consent Decree be appealed?

2. Did the Appellee have standing to petition the District Court for a restraining order intended to protect the welfare of his minor children?

3. Did the District Court have the authority to restrain the Appellant from:

a. engaging in violence either toward the Hiett children or toward third persons while in the presence of the Hiett children;

b. threatening violence against the Hiett children or against third persons in the Hiett children's presence;

c. handling firearms or threatening to handle firearms while in the presence of the Hiett children;

d. using profanity or threatening language in the presence of the Hiett children or toward third persons while in the Hiett children's presence?

4. Did the District Court abuse its discretion when it permanently restrained Appellant from:

a. engaging in violence either toward the Hiett children or toward third persons while in the presence of the Hiett children;

b. threatening violence against the Hiett children or against third persons in the Hiett children's presence;

c. handling firearms or threatening to handle firearms while in the presence of the Hiett children;

d. using profanity or threatening language in the presence of the Hiett children or toward third persons while in the Hiett children's presence?

## II.   FACTS

On July 23, 1993, Craig E. Hiett (Hiett) petitioned the district court for a permanent restraining order to protect his two children from the allegedly irrational and dangerous behavior of the children's stepfather, Ronald E. Pinther (Pinther). At the time, Pinther was married to Hiett's former wife, Carol Wolfe–Pinther (Wolfe). Hiett alleged that Pinther was an "emotionally unstable" individual whose past conduct had demonstrated the "inability to control his emotions" which resulted in "harm to those around him." Hiett requested the district court enter a broadly phrased order restraining Pinther and Wolfe from having "face to face contact with each [other] whenever [Wolfe] has custody of [Hiett's] children."

The district court conducted a hearing on the petition which resulted in the entry of a judgment by consent styled as "Consent Decree and Permanent Restraining Order" (hereinafter Judgment by Consent). The form of the Judgment by Consent which the district court filed included four general findings of fact:

BASED UPON THE CONSENT OF THE PARTIES FREELY GIVEN IN OPEN COURT, THE COURT FINDS Mr. Pinther should be restrained from engaging in violence either toward the Hiett children or toward third persons while in the Hiett [children's] presence.

THE COURT FURTHER FINDS Mr. Pinther should be restrained from threatening violence against the Hiett children or against third persons in the Hiett [children's] presence.

THE COURT FURTHER FINDS Mr. Pinther should be restrained from handling firearms or threatening to handle firearms while in the Hiett [children's] presence.

THE COURT FURTHER FINDS Mr. Pinther should be restrained from using profanity or threatening language toward or in the presence of the Hiett children.

The Judgment by Consent restrains Pinther from certain actions:

1. Ronald E. Pinther, is hereby permanently restrained from engaging in violence either toward the Hiett children or toward third persons while in the Hiett [children's] presence.

2. Mr. Pinther is hereby permanently restrained from threatening violence against the Hiett children or against third persons in the Hiett [children's] presence.

3. Mr. Pinther is hereby permanently restrained from handling firearms or threatening to handle firearms while in the Hiett [children's] presence.

4. Mr. Pinther is hereby permanently restrained from using profanity or threatening language in the presence of the Hiett children or toward third persons while in the Hiett [children's] presence.

Pinther filed a written objection to the form of the Judgment by Consent. W.R.C.P. 58(a). Pinther argued that "[m]aking specific findings * * * infers that Mr. Pinther had behaved aberrantly and not in accordance with behavior expected in every-day society." Pinther admitted that the parties had stipulated to the entry of the Judgment by Consent. Pinther reiterated that he consented to the entry of the Judgment by Consent because the "behavior required does not depart from ordinary behavior and the fact that he made no admission of any departure from

behaving within the bounds of the order." The district court overruled Pinther's objection and entered the Judgment by Consent.

### III. DISCUSSION

■ The novel question before this court is whether a judgment by consent may be appealed. Our review discloses that a judgment by consent may be appealed. However, the scope of appellate review is limited.

Various theories have been advanced by courts considering whether a judgment by consent may be appealed. *See* E.H. Schopler, Annotation, *Right to Appellate Review of Consent Judgment,* 69 A.L.R.2d 755 (1960) (collecting cases). Some courts have held that a party who consented to the entry of a judgment lacked standing to appeal. *See e.g., Newman v. Graddick,* 740 F.2d 1513, 1517 (11th Cir.1984). Other courts have adopted the view that an appeal from a judgment by consent should simply be dismissed. *See e.g., Cohen v. Virginia Elec. and Power Co.,* 788 F.2d 247, 249–50 (4th Cir.1986).

We agree with the considered position expressed by the Supreme Court of the United States in *Pacific R.R. v. Ketchum,* 101 U.S. 289, 295, 25 L.Ed. 932, 935 (1879). The United States Supreme Court held that the entry of a judgment by consent waives certain claims of error.

> If, when the case gets here, it appears that the decree appealed from was assented to by the appellant, we cannot consider any errors that may be assigned which were in law waived by the consent, but we must still receive and decide the case. If all the errors complained of come within the waiver, the decree below will be affirmed, but only after hearing.

*Id.* A party to a judgment by consent is deemed to have waived any objections to matters within the scope of the judgment. *Mock v. T.G. & Y. Stores Co.,* 971 F.2d 522, 526 (10th Cir.1992) (*quoting Coughlin v. Regan,* 768 F.2d 468, 469–70 (1st Cir.1985)). Therefore, the waiver theory for a judgment by consent may be analogous to the limited review permitted for appeals of guilty pleas. *See e.g., Mehring v. State,* 860 P.2d 1101, 1106 (Wyo.1993).

Authoritative commentators also support the adoption of the waiver theory. "The true principle at work, however, is one of waiver or consent; the appropriate disposition, if the appeal represents no more than a retroactive attempt to undo consent properly given, is affirmance rather than dismissal." 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3902 at 92 (1992).

Under the standard we adopt today, a judgment by consent may be appealed to claim: a lack of subject matter jurisdiction; a lack of actual consent; fraud in the procurement of the order; or, mistake. *N.L.R.B. v. Ochoa Fertilizer Corp.,* 368 U.S. 318, 323, 82 S.Ct. 344, 348, 7 L.Ed.2d 312 (1961); *Coughlin,* 768 F.2d at 470; *Pacific Nat. Bank of Washington v. Mount,* 97 Idaho 887, 556 P.2d 70, 71 (1976). "A judgment by consent or stipulation is generally construed as an agreement between the parties under which the terms of the judgment are not subject to review on appeal." *Matter of Estate of Anderson,* 671 P.2d 165, 168 (Utah 1983).

Pinther broadly characterizes his appeal as one challenging the district court's "authority" to enter the Judgment by Consent. Pinther maintains that Hiett did not have standing to file the petition. Furthermore, Pinther specifically argues the district court abused its discretion when it entered the Judgment by Consent. The only cognizable challenge to a judgment by consent which Pinther presents is Hiett's standing to sue. *N.L.R.B.,* 368 U.S. at 323, 7 L.Ed.2d 312; *Coughlin,* 768 F.2d at 470; *Pacific Nat. Bank of Washington,* 556 P.2d at 71.

■ A challenge to the standing of a party is jurisdictional in nature. *Spratt v. Security Bank of Buffalo, Wyo.,* 654 P.2d 130, 134 (Wyo.1982). The standing to sue doctrine requires that a party have "a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *Matter of Various Water Rights in Lake DeSmet Reservoir, Bd. of Control, Docket No. II–77–2–1,* 623 P.2d 764, 767 (Wyo.1981).

At its most elementary level, the standing doctrine holds that a decision-making body should refrain from considering issues in which the litigants have little or no interest in vigorously advocating. *Washakie Co. Sch. Dist. No. One v. Herschler,* 606 P.2d 310, 317 (Wyo. [ ]), *cert. denied,* 449 U.S. 824, 101 S.Ct. 86, 66 L.Ed.2d 28 [ (1980) ]. Accordingly, the doctrine of standing focuses upon whether a litigant is properly situated to assert an issue for judicial or quasi-judicial determination. *Laramie Rivers Co. v. Wheatland Irr. Dist.,* 708 P.2d 20, 27 (Wyo.1985). A litigant is said to have standing when he has a "personal stake in the outcome of the controversy." This personal stake requirement has been described in Wyoming as a "tangible interest" at stake. The tangible interest requirement guarantees that a litigant is sufficiently interested in a case to present a justiciable controversy. *Laramie Rivers,* 708 P.2d at 27 (*quoting Int'l Ass'n Fire Fighters v. Civil Serv. Comm'n,* 702 P.2d 1294, 1297–98 (Wyo.1985)).

*Schulthess v. Carollo,* 832 P.2d 552, 556–57 (Wyo.1992).

■ Pinther asserts Hiett did not have standing to sue to protect the Hiett children. Pinther maintains that the failure to bring the petition on behalf of the Hiett children resulted in an improper exercise of authority by the district court. Additionally, Pinther contends that Hiett had no personal stake in the controversy.

Hiett responds that the petition stated a sufficient factual basis to disclose that a tangible interest was at stake. As the natural father of the two minor children, Hiett alleged that his children were occasionally in the presence of Pinther. Hiett alleged that he had been informed by Wolfe, the children, the children's counselor, and the Cheyenne Police Department that Pinther had exhibited a "propensity toward violence" and had acted "irrationally and in a dangerous fashion * * *" in the presence of the Hiett children. Hiett argues "[i]t is impossible to conceive of a more personal stake or interest than the interest a parent has for the welfare and safety of his children." We agree.

In *Washakie County School Dist. No. One v. Herschler,* 606 P.2d 310, 316–17 (Wyo.), *cert. denied,* 449 U.S. 824, 101 S.Ct. 86, 66 L.Ed.2d 28 (1980), this court considered whether various parties had standing to sue the state to challenge the system of financing public education. Among the parties were school board members who participated in the suit as parents of children attending schools. We held the parents had standing. *Id.* at 317. "Parents are keenly concerned and suffer tangible injury if their children do not receive a proper education." *Id.*

Certainly, a parent suffers a similar, if not greater, tangible injury if his or her children are threatened with, or have suffered from, physical or emotional harm. *See State in Interest of J.W.F.,* 799 P.2d 710, 714–15 (Utah 1990) (noting that, in custody matters, determination of standing should not be mechanical). Therefore, we hold that Hiett had standing to seek a restraining order against Pinther. *See Stuckey v. Stuckey,* 768 P.2d 694, 695 (Colo.1989) (holding court, based on mother's petition, could issue a permanent injunction to restrain a father who had exhibited threatening behavior from having any contact with his minor child). The controversy presented for the district court's resolution was not artificial or academic. *Washakie County School Dist. No. One,* 606 P.2d at 317. Hiett sought a remedy for a palpable injury. The district court did not exceed its subject matter jurisdiction when it entered the Judgment by Consent.

■ In his remaining challenges to the district court's "authority," Pinther specifically contends the district court abused its discretion. Pinther argues the Judgment by Consent is overbroad and seeks to protect persons not parties to the court proceedings. Pinther declares that the relief granted by the Judgment by Consent unnecessarily restricts his activities, including fundamental rights. Pinther also maintains the Judgment by Consent granted an equitable remedy where other relief was available at law.

Pinther failed to raise an appealable issue with these arguments. As a party to the Judgment by Consent, Pinther waived any objections to matters within the scope of the judgment. *Pacific R.R.,* 101 U.S. at 295, 25

L.Ed. 932; *Mock,* 971 F.2d at 526. The objections Pinther raised at district court were limited to the form of the Judgment by Consent. Pinther could have specifically reserved a right to appeal the challenged terms of the Judgment by Consent. *See e.g., In Re U.S. Oil & Gas Litigation,* 967 F.2d 489, 494–95 (11th Cir.1992). He did not. Without an unequivocal reservation of a right to appeal, the terms of the judgment by consent are not subject to review. *Coughlin,* 768 F.2d at 470; *Matter of Estate of Anderson,* 671 P.2d at 168.

## IV. CONCLUSION

The parties made an agreement to resolve their dispute. As a result, a Judgment by Consent was properly entered by the district court. The parties must now abide by the terms of their agreement.

We affirm.