Robert F. CHRISTENSEN,
Appellant (Defendant),

v.

John Gilbert OEDEKOVEN,
Appellee (Plaintiff).

No. 94–14.

Supreme Court of Wyoming.

Jan. 13, 1995.

Randall T. Cox of Sheehan and Cox, Gillette, for appellant.

Charles R. Hart, Sheridan, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant Robert F. Christensen appeals from a summary judgment which quieted title to certain property in Appellee John Gilbert Oedekoven and which awarded dam-

ages to Oedekoven for the amount he paid to redeem the property.

We affirm.

## ISSUES

Christensen presents the following issues on appeal:

I. Who has the right to redeem partnership property after a foreclosure sale?

A. Whether a holder of a judgment against a general partner may redeem partnership land after a foreclosure sale; or, stated more narrowly:

B. Whether a holder of a judgment against a general partner, on a partnership debt but rendered against only the general partner, who has garnished the partnership in execution of the judgment, may redeem partnership land after a foreclosure sale.

II. Whether the Plaintiff has standing or otherwise stated a viable claim for relief in the amended complaint[?]

## FACTS

Barkley Herefords, a general partnership, owned and operated a ranch located in Campbell County. Charles Barkley was a general partner in that partnership. The partnership acquired considerable debt, including a Wyoming Farm Loan Board loan secured by a mortgage on the partnership ranch and a Farmers Co-op Association account. Barkley purchased cattle on credit from W. Perry Bolin and gave Bolin a promissory note. Eventually, Bolin obtained a money judgment on that promissory note. The judgment was against Barkley; the partnership had not been included in Bolin's lawsuit.

After the partnership defaulted on its secured loan from the Wyoming Farm Loan Board, the Board foreclosed on its mortgage. The partnership ranch was sold at a foreclosure sale where Oedekoven was the successful bidder.

Christensen obtained an assignment of Bolin's money judgment against Barkley.

1. The sheriff is not a party to this appeal.

When the partnership failed to redeem the ranch within the statutory redemption period, Christensen, as a judgment creditor, redeemed it. The Campbell County sheriff issued a certificate of redemption to Christensen.

Oedekoven filed a lawsuit against Christensen and the sheriff. In his complaint, Oedekoven requested that title to the ranch be quieted in him. Oedekoven asked the district court to declare that Christensen's redemption was null because it had not been obtained in compliance with Wyoming law, and he also sought to enjoin the sheriff from issuing a deed to anyone but him.[1]

In order to further protect his interests in the ranch, Oedekoven took an assignment of a judgment which had been awarded to the Farmers Co-op Association against the partnership and, pursuant to that judgment, redeemed the property from Christensen. After he redeemed the property, Oedekoven amended his complaint to include a prayer for the additional amount of money which he had paid to redeem the property from Christensen.

After the district court had heard arguments on Oedekoven's motion for a summary judgment, it quieted title to the property in Oedekoven. The district court held that Christensen's redemption was void and awarded money damages to Oedekoven for the additional amount he had paid to redeem the property from Christensen.

Christensen appealed to this Court.

## DISCUSSION

### A. Standard of Review

"Summary judgment is appropriate when no genuine issue of material fact exists and when the prevailing party is entitled to have a judgment as a matter of law." *Sandstrom v. Sandstrom,* 884 P.2d 968, 971 (Wyo.1994), *citing Lyden v. Winer,* 878 P.2d 516, 518 (Wyo.1994). No genuine issues of material fact were presented in this case; therefore, we must determine whether Oedekoven was entitled to have a judgment as a matter of law.

## B. *Right of Redemption*

Christensen contends that he had a right to redeem the ranch because he was a judgment creditor of a general partner. WYO. STAT. § 1–18–104 (1988) sets forth the procedure for judgment creditors to follow in redeeming property which has been sold at a foreclosure sale. Section 1–18–104(a) provides:

(a) If no redemption is made within the redemption period provided in W.S. 1–18–103, *any judgment creditor of the person whose real estate has been sold,* or any grantee or mortgagee of the real estate or person holding a lien on the real estate sold is entitled to redeem the same on or before the thirtieth day after the expiration of the applicable redemption period provided in W.S. 1–18–103, by complying with subsections (b) and (c) of this section.

(Emphasis added.) Christensen alleges that the partnership property was owned by the partners and that a judgment creditor of an individual partner could redeem the property under § 1–18–104. We disagree.

 The resolution of the issue in this case turns on our determination as to whether Christensen was a "judgment creditor of the person whose real estate has been sold." Section 1–18–104(a). Determining the lawmakers' intent is our primary focus when we interpret statutes. *State Department of Revenue and Taxation v. Pacificorp,* 872 P.2d 1163, 1166 (Wyo.1994). Initially, we make " 'an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' " *Parker Land and Cattle Company v. Wyoming Game and Fish Commission,* 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker,* 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). We construe the statute as a whole, giving effect to each word, clause, and sentence, and we construe together all parts of the statute *in pari materia.* 845 P.2d at 1042. When a statute is clear and unambiguous, this Court will not apply rules of statutory construction. 845 P.2d at 1043. When a statute is ambiguous, we may utilize extrinsic aids to help us determine the Legislature's intent. *Olheiser v. State ex rel. Wyoming Worker's Compensation Division,* 866 P.2d 768, 770 (Wyo.1994).

"[A] statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability." *Allied–Signal, Inc. v. Wyoming State Board of Equalization,* 813 P.2d 214, 220 (Wyo.1991). "[A] statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations." 813 P.2d at 219–20. "[W]hether an ambiguity exists in a statute is a matter of law to be determined by the court." 813 P.2d at 220.

*Padilla v. Lovern's, Inc.,* 883 P.2d 351, 353 (Wyo.1994).

In this case, the interpretation of § 1–18–104 must be consistent with the partnership statutes which were in effect in Wyoming at the time that this controversy occurred. *See* WYO.STAT. §§ 17–13–101 to –615 (1989).[2] Section 17–13–501(a) delineated the property rights of individual partners: (1) rights in specific partnership property; (2) the partner's interest in the partnership; and (3) the right to participate in the partnership's management. Section 17–13–502 described the nature of an individual partner's right in specific partnership property:

(a) A partner is coowner with his partners of specific partnership property holdings as a tenant in partnership.

(b) The incidents of this tenancy are such that:

(i) A partner, subject to the provisions of this act [§§ 17–13–101 to –615] and to any agreement between the partners, has an equal right with his partners to possess specific partnership property for partnership purposes; but he has no right to possess such property for any other purpose without the consent of his partners;

. . . .

---

**2.** The partnership statutes which were codified at §§ 17–13–101 to –615 were repealed by 1993 WYO.SESS.LAWS ch. 194, § 2 effective January 1, 1994. The Uniform Partnership Act, §§ 17–21– 101 to –1003, was created by 1993 WYO.SESS.LAWS ch. 194, § 1 and became effective January 1, 1994.

(iii) A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership.

A partner's rights in specific partnership property were limited by § 17–13–502. Specific partnership property was not available for attachment or execution on a claim against an individual partner. Section 17–13–502(b)(iii).

■ In the context of this case, the statutory phrase, "person [3] whose real estate has been sold," is unambiguous when it is interpreted together with the partnership statutes. When property which is held in a partnership's name is sold at a foreclosure sale, the partnership, not an individual partner, is the "person whose real estate has been sold." Under the plain language of the statute, only a judgment creditor of the partnership can redeem the property.

This interpretation is consistent with this Court's decision in *Wyoming National Bank of Gillette v. Davis*, 770 P.2d 215 (Wyo.1989). In that case, we held that the district court could not enter a *nunc pro tunc* order to allow a judgment creditor of a partnership to proceed against an individual partner's assets when the creditor had not sued the partner in his individual capacity. Although the creditor could have joined the individual partner as a defendant in the lawsuit, she failed to do so, and her failure to secure a judgment against the partner prohibited her from reaching the partner's individual assets. 770 P.2d at 216–17.

Christensen cites *L.C. Jones Trucking Co., Inc. v. Superior Oil Company*, 68 Wyo. 384, 234 P.2d 802 (1951), in support of his contention that a judgment creditor of an individual partner may proceed to collect against partnership assets. In *L.C. Jones Trucking Co., Inc.*, the Court allowed a judgment creditor who had obtained a valid judgment against only one of two partners to attach partnership assets for payment of the judgment. 68

Wyo. at 409–18, 234 P.2d 802. That case, however, presented a very different factual and procedural background than is presented in this case. Although the partnership entity was not sued in *L.C. Jones Trucking Co., Inc.*, each member of the partnership was originally named as a defendant in the lawsuit, and the district court expressly recognized that the debt was a partnership debt. 68 Wyo. at 401, 234 P.2d 802. The Court did not analyze the wording of the applicable statutes in reaching its conclusion.

In the case at bar, Christensen asserted his right to redeem pursuant to an assignment of the judgment which had been awarded to Bolin. The record clearly shows that Bolin obtained a judgment against Barkley but not against the partnership. Bolin's judgment in no way indicated that all the members of the partnership had been sued or that the debt was a partnership obligation.[4]

Christensen had a remedy available to him in this case. He could have reached Barkley's interest in the partnership by obtaining a charging order pursuant to § 17–13–505(a):

(a) On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts and inquiries which the debtor partner might have made, or which the circumstances of the case may require.

The Legislature attempted "to give a remedy by which the judgment creditor of an individual member of a partnership [could] reach the individual's interest in the partnership.

---

3. " 'Person' includes individuals, partnerships, corporations, and other associations." Section 17–13–102(a)(iii).

4. We refuse Christensen's invitation to reconsider the facts as to whether Bolin's claim involved a partnership debt. That issue was necessarily

decided in the Bolin–Barkley litigation and, under the related doctrines of *res judicata* and collateral estoppel, we will not disturb the earlier decision. *See McKee v. McKee*, 882 P.2d 885, 887 n. 1 (Wyo.1994), and *Livingston v. Vanderiet*, 861 P.2d 549, 551–52 (Wyo.1993).

This remedy [was] called a 'charging order.'" Margie Millhone, Notes, *Charging Orders Under the Uniform Partnership Act,* 9 WYO. L.J. 112, 112 (1955). The statutory charging order was "virtually the exclusive remedy available to a partner's separate creditor who want[ed] to reach the partnership interest." Elliot Axelrod, *The Charging Order—Rights of a Partner's Creditor,* 36 ARK.L.REV. 81, 81 (1982). Charging orders could not, however, be obtained against a partner's interest in specific partnership property. Axelrod, *supra,* at 96.

Christensen argues that a charging order had been obtained because Bolin, Christensen's predecessor in interest, secured a writ of garnishment against the partnership. We cannot accept Christensen's argument.

■ We agree with the Colorado Court of Appeals which concluded that charging orders are remedies different in character from writs of garnishment. *Union Colony Bank v. United Bank of Greeley National Association,* 832 P.2d 1112, 1116 (Colo.Ct.App.1992). "[T]he charging order, unlike garnishment, is a post-judgment remedy specifically tailored for partnerships." *Id.* The charging order procedure protects the interests of the non-debtor partners by giving the judge wide latitude to control the creditor's actions against the partnership. *Id.; see also* § 17-13-505(a). Neither Christensen nor his predecessor in interest obtained a charging order in compliance with the partnership statutes.

## C. *Standing*

■ Christensen alleges that Oedekoven lacked standing to contest his redemption of the property. We disagree.

"Standing to sue" is jurisdictional in nature. *Pinther v. Hiett,* 884 P.2d 631, 633 (Wyo.1994). "[T]he standing doctrine requires that the litigants have a tangible interest at stake in the subject matter before the court." *Reiman Corporation v. City of Cheyenne,* 838 P.2d 1182, 1186 (Wyo.1992).

"At its most elementary level, the standing doctrine holds that a decision-making body should refrain from considering issues in which the litigants have little or no interest

in vigorously advocating. Accordingly, the doctrine of standing focuses upon whether a litigant is properly situated to assert an issue for judicial or quasi-judicial determination. A litigant is said to have standing when he has a 'personal stake in the outcome of the controversy.' This personal stake requirement has been described in Wyoming as a 'tangible interest' at stake. The tangible interest requirement guarantees that a litigant is sufficiently interested in a case to present a justiciable controversy."

*Pinther,* 884 P.2d at 634 (quoting *Schulthess v. Carollo,* 832 P.2d 552, 556–57 (Wyo.1992) (citations omitted)).

Oedekoven certainly had a personal and tangible interest in the outcome of the litigation. If Christensen had not improperly redeemed the property, Oedekoven could have applied to the sheriff for a deed to the property after the redemption period had expired. *See* WYO.STAT. §§ 1–18–102, –109 (1988). After Christensen improperly redeemed the property, a question existed as to who could apply to the sheriff for a deed. Oedekoven, therefore, had standing to bring the quiet title action.

Oedekoven suffered a tangible injury when he redeemed the property from Christensen. He was required to pay an additional amount of money in order to redeem the property. If Christensen had not improperly redeemed the property, Oedekoven would not have had to pay that additional amount to secure the title. Oedekoven had standing to bring his claim for money damages against Christensen.

## D. *Voluntary Payment*

■ Christensen alleges that Oedekoven was not entitled to recover the additional amount of money which he paid to redeem the property because Oedekoven had voluntarily made that payment.

A person who makes a payment in order to protect his own interest will not be regarded as being a volunteer. *Gaub v. Simpson,* 866 P.2d 765, 767–68 (Wyo.1993). In *Gaub,* we held that the appellee had not acted as a volunteer when he paid off an IRS lien

against his property. The IRS imposed the lien against the property to secure the payment of back taxes which the appellant owed. The Court ruled that the appellee was not a volunteer because he had paid the lien under the threat of foreclosure in order to protect his interests in the property. 866 P.2d at 766–68.

A similar situation was presented in this case. Oedekoven was faced with a dilemma as to whether to allow Christensen to take over the property and possibly apply for a deed from the sheriff or whether to redeem the property and retain that right. He chose to protect his interests by redeeming the property. Oedekoven was not acting as a volunteer when he paid the additional amount in order to redeem the property from Christensen. *See Fulton v. Des Jardins,* 67 Wyo. 517, 227 P.2d 240 (1951).

CONCLUSION

We hold that the district court did not err by granting a summary judgment in favor of Oedekoven.

Affirmed.