92 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bill MANNING, Plaintiff-Appellant,
v.
SEARS, ROEBUCK AND CO., a New York corporation, Defendant-Appellee.
 No. 95-35181.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 10, 1996.
Decided July 26, 1996.
 
 1
 Before: GOODWIN and BRUNETTI, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff/appellant, Bill Manning ("Manning" or "Appellant") appeals from the District Court's entry of judgment, pursuant to Rule 68 of the Federal Rules of Civil Procedure, in favor of defendant/appellee, Sears, Roebuck and Co. ("Sears"). We have considered whether this court has jurisdiction to consider this appeal and find that we do not.
 
 
 4
 Manning brought three causes of action against Sears for breach of contract. Sears filed a motion for summary judgment as to the second and third causes of action. The district court considered the motion and granted Sears' motion for summary judgment as to the second and third causes of action. Sears subsequently filed another summary judgment motion as to the first cause of action which the district court denied.
 
 
 5
 Sears then submitted an offer of judgment, pursuant to Rule 68 of the Federal Rules of Civil Procedure. The offer stated:
 
 
 6
 Pursuant to Rule 68, Federal Rules of Civil Procedure, the Defendant hereby offers to the Plaintiff to allow judgment to be taken against the Defendant for $75,000 and for costs accrued to the present time, in this action. This offer of judgment is made for the purposes specified in Rule 68, and is not to be construed as an admission that the Defendant is liable or that the Plaintiff has suffered any damage.
 
 
 7
 Nine days later, Manning signed a Notice of Acceptance of Offer of Judgment which provided:
 
 
 8
 Pursuant to Rule 68, Federal Rules of Civil Procedure, the plaintiff hereby accepts the offer of defendant to allow judgment to be taken against defendant for $75,000 and for costs accrued to the present time. The clerk of the court is directed to enter judgment for plaintiff accordingly.
 
 
 9
 The court then entered judgment for plaintiff in accordance with the offer and acceptance.
 
 
 10
 Manning filed a notice of appeal to this court, specifying that the appeal is for the dismissal on summary judgment of the Second and Third Claims for Relief, and that no appeal is taken from the judgment entered on the First Claim. The Appellate Commissioner denied the motion without prejudice to raising the jurisdictional issue on the briefs.
 
 
 11
 "The acceptance of a Rule 68 offer, and the subsequent entry of judgment, bars a plaintiff from appealing prior interlocutory orders." Wright & Miller, p 68.05, 68-14. The Supreme Court stated that "[t]he purpose of Rule 68 is to encourage the settlement of litigation. In all litigation, the adverse consequences of potential defeat provide both parties with an incentive to settle in advance of trial." Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981) (footnotes omitted).
 
 
 12
 The proposition that a Rule 68 judgment is presumed to encompass only certain claims, conflicts with the principle that all interlocutory orders are merged into the final judgment. Shore v. Sklar, 885 F.2d 760, 763 (11th Cir.1989) (en banc), cert. denied, 493 U.S. 1045 (1990); accord Seidman v. City of Beverly Hills, 785 F.2d 1447 (9th Cir.1986) (appeal dismissed because the stipulation for dismissal worked not only to dismiss his individual claim, but to dismiss with prejudice the action); Mock v. T.G. & Y. Stores Co., 971 F.2d 522 (10th Cir.1992) (holding that pretrial orders denying prejudgment interest were merged with or were an integral part of the consent judgment, subjecting them to the general rule of non-appealability).
 
 
 13
 A party must explicitly reserve his right to appeal any interlocutory orders or other claims within the final judgment. Shores at 761, citing Dorse v. Armstrong World Industries, Inc., 798 F.2d 1372, 1375 (11th Cir.1986); Gatto v. C.I.R., 1 F.3d 826, 828 (9th Cir.1993) ("a party implicitly surrenders its right to appeal a civil judgment ... by consenting to be bound by that judgment. An explicit waiver of appeal rights is not necessary."); see also Coughlin v. Regan, 768 F.2d 468, 470 (1st Cir.1985) (barring appeal but noting that, "[w]hile it is possible for a party to consent to a judgment and still preserve his right to appeal, he must reserve that right unequivocally, as it will not be presumed"); Mock v. T.G. & Y. Stores Co., 971 F.2d 522 (10th Cir.1992) (While some courts have acknowledged that a party may appeal from a consent judgment where the party has expressly reserved the right to appeal, the consent judgment here contains no such reservation.).
 
 
 14
 Manning consented to the entry of judgment "in this action." Manning's counsel signed the acceptance of the offer with no indication that Manning's counsel reserved a right to appeal from the interlocutory orders.
 
 
 15
 The district court's entry of judgment was proper and this court lacks jurisdiction to consider the appeal.
 
 
 16
 DISMISSED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3